## PAGE et al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. January 16, 1922.)

No. 3677.

1. **Intoxicating liquors ⊂⊃236(6½, 9)—Evidence held to sustain conviction of club member and officer.**

In a prosecution for unlawful possession of intoxicating liquor and maintaining a common nuisance for the sale of such liquor at a club, evidence that one of the defendants was a member and officer of the club and that he occasionally tended the bar, though that was generally done by others, and that he was present on the night of the raid, *held* sufficient to warrant the jury in convicting that defendant.

2. **Constitutional law ⊂⊃50—Congress has implied powers to adopt reasonable means to effectuate express powers.**

Under Const. art. 1, § 8, cl. 18, giving Congress power to make all laws necessary and proper for carrying into execution the powers vested in it, Congress has implied power to adopt any means which are appropriate and adapted to effectuate an express object, so long as such means are not prohibited, but consist with the Constitution, and these implied powers extend to the enforcement of the Eighteenth Amendment, as well as to other parts of the Constitution.

3. **Intoxicating liquors ⊂⊃2½, New, vol. 8A Key-No. Series—Restriction on possession is reasonably necessary to enforce Prohibition Amendment.**

The restrictions on the possession of intoxicating liquors contained in National Prohibition Act, tit. 2, § 3, are reasonably adapted to the enforcement of the prohibition against the unlawful manufacture, sale, or transportation of intoxicating liquors under the Eighteenth Amendment, so that such restrictions are not beyond the power of Congress to enact.

4. **Intoxicating liquors ⊂⊃242—Possession is punishable under general penalty clause.**

Though National Prohibition Act, tit. 2, § 3, prescribes no penalty for the unlawful possession of intoxicating liquor, such possession is punishable under section 29, imposing a penalty of a fine of not more than $500 for the violation of any of the provisions of the act for which a special penalty is not prescribed, so that the remedy for unlawful possession is not restricted to the seizure and destruction of the liquor under section 25.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Criminal law** ⊚⟶197—**Evidence held to show maintaining nuisance, in addition to possession charged in another count, so that conviction on first count did not bar conviction on second.**

Where the indictment charged unlawful possession of intoxicating liquors in one count, and maintaining a nuisance for the unlawful sale of intoxicating liquor in a second count, evidence which, in addition to establishing the possession as alleged, tended to show sales to various individuals on different occasions, *held* sufficient to establish the offense of maintaining a nuisance, apart from the offense of possessing the liquor, so that conviction on the first count did not bar conviction on the second.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

William Page and others were convicted of unlawfully possessing intoxicating liquor, and of maintaining a common nuisance for the unlawful sale of intoxicating liquor, and they bring error. Affirmed.

Frank J. Murphy and Oscar Hudson, both of San Francisco, Cal., for plaintiffs in error.

Robert O'Connor, U. S. Atty., and Mark L. Herron, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The appellants were charged, by an information filed November 10, 1920, with violating sections 3 and 21 of title 2 of the act commonly known as the "National Prohibition Act." The information contained two counts. The first count charged:

"That one William Page, Ernest Burr, Milton Brown, and William Finley, whose full and true names, other than as herein stated, are to affiant unknown, late of the Northern division of the Southern district of California, heretofore, to wit, on or about the 30th day of October, A. D. 1920, at a certain place commonly known as 'Douglas Club.' No. 1211 F. street, in the city of Fresno, county of Fresno, within the Northern division of the Southern district of California, and within the jurisdiction of this honorable court, did knowingly, willfully, and unlawfully have in their possession, and did knowingly, willfully, and unlawfully aid, assist, and abet each other to have in their possession, for beverage purposes certain intoxicating liquor, to wit, one pint bottle of jackass brandy, containing alcohol in excess of one-half of one per cent. by volume, in violation of section 3, title 2, of the Act of October 28, 1919, commonly known as the National Prohibition Act."

The second count charged that the defendants—

"on or about the 30th day of October, A. D. 1920, did knowingly, willfully, and unlawfully maintain a common nuisance, that is to say, a room and place, and did knowingly, willfully, and unlawfully aid, assist, and abet each other to unlawfully maintain a common nuisance, that is to say, a room and place at what is commonly known as Douglas Club, No. 1211 F street, in the city of Fresno, county of Fresno, in the state and Northern division of the Southern district of California, and within the jurisdiction of this honorable court, where intoxicating liquor, to wit, one pint bottle of jackass brandy, containing alcohol in excess of one-half of one per cent. by volume, was sold, kept, and bartered, in violation of section 21, title 2, Act of October 28, 1919, commonly known as the National Prohibition Act."

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Upon the trial of the cause all of the defendants were convicted. Judgment was entered accordingly, and from this judgment appellants prosecute this writ.

[1] It is contended in behalf of the appellant Ernest Burr that there is no evidence in the record to support the judgment against him on either of the counts in the information. William Page, one of the defendants, testified:

"Mr. Burr was connected with this club, but not now. He used to sell soft drinks there, and the same situation existed in regard to Mr. Brown. * * * Mr. William Finley was vice president. I recall the night the officers went in there. * * * All four of us had the management of the bar, or anybody else in the club. Mr. Burr, Brown and Finley and I stayed behind the bar more than anybody else, but anybody could stay behind there. All these members were club members and they are now."

Harry Erickson, city license collector, testified that the license of the Fred Douglas Club was issued to Burr and Finley as owners. Mr. Burr admits that he was present at the club the night of the raid and that he was at that time a member of the club. He admitted that he and another person originally leased the building where the club was conducted. If the jury believed this testimony, the court is of the opinion that it was sufficient, with the natural and reasonable inferences to be drawn therefrom, to warrant the verdict of the jury.

It is next contended that the Eighteenth Amendment to the Constitution of the United States confers no power upon Congress to legislate against the possession of intoxicating liquor, the manufacture, sale, and transportation being the only things prohibited, and that therefore section 3 of title 2 of the National Prohibition Act (41 Stat. 305, 308), under which the prosecution upon the first count in the information is based, is invalid and unconstitutional.

The Eighteenth Amendment to the Constitution of the United States provides as follows:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors, within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

The Act of October 28, 1919 (41 Stat. 305), provides, in title 2, section 3, page 308, that—

"No person shall on and after the date when the Eighteenth Amendment * * * goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

[2] The objection that a statute is unconstitutional which is not authorized by the express letter of the Constitution is not new. Article 1, § 8, cl. 18, of the Constitution provides that Congress shall have power—

"to make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution

in the government of the United States or in any department or officer thereof."

In McCulloch v. Maryland, 4 Wheat. 316, 420, 4 L. Ed. 579, Marshall, the great Chief Justice, commenting upon the power of Congress to provide the means for carrying into effect a constitutional provision, declared a rule of construction which has been followed since. He said:

"We think the sound construction of the Constitution must allow to the national legislature that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people. Let the end be legitimate, let it be within the scope of the Constitution, and all means which are appropriate, which are plainly adapted .to that end, which are not prohibited, but consist with * * * the Constitution, are constitutional."

[3] This rule is applicable to the construction of the section of the National Prohibition Act under consideration. If, in order to enforce the constitutional amendment, it is necessary to restrict the possession of intoxicating liquor to those having permits to possess the same and to private houses when intended for the sole use of the owner and his family and for bona fide guests, it is within the discretion of Congress to prohibit the possession as a means for the enforcement of the amendment. As said by the Circuit Court of Appeals for the Sixth Circuit in Rose v. United States, 274 Fed. 245:

"Congress in the exercise of its power has determined that it is essential and appropriate to the enforcement of this constitutional amendment to restrict the possession of intoxicating liquors to those having permits to keep and possess the same and to private homes when intended for the sole use of the owner and his family and their bona fide guests. The possession of intoxicating liquors is the first essential to its barter and sale as a beverage. Intoxicating liquors, stored in the same building in which the owner or occupant of the building is conducting a business with the public generally, not only furnishes opportunties for the violation of the provisions of this constitutional amendment, but would also tend to hinder, delay, and prevent the detection of unlawful traffic therein. It would therefore appear that this provision of the National Prohibition Act has a substantial relation to the enforcement of national prohibition, and that Congress has not in this respect transcended its power or abused the discretion conferred upon it by the second section of the Eighteenth Amendment."

[4] It is objected that the only penalty provided in the case of unlawful possession of intoxicating liquor is the seizure of the liquor and its destruction under the provisions of section 25 of title 2 of the act. There is no penalty either special or otherwise provided in section 3 of title 2 of the act for the possession of intoxicating liquor, but it is made unlawful, and in section 29 of the act it is provided that—

"Any person * * * who * * * violates any 'of the provisions of this title, for which offense a special penalty is not prescribed, shall be fined for the first offense not more than $500."

The defendants were each fined $100 under this section of the act. The penalty was properly imposed.

[5] It is objected that both of the counts of the information are supported by the same evidence and that therefore conviction on the first count is a bar to conviction on the second count. The objection cannot

be sustained. The second count charges that the defendants maintained a common nuisance at the Douglas Club, No. 1211 F street, in the city of Fresno, in violation of section 21 of the act. There is abundant evidence in the record to support this charge in addition to the evidence relating to the "possession by the defendants of one pint bottle of jackass brandy" charged in the first count.

Le Roy Toast testified that in August he purchased at the club, of these defendants, a half pint of brandy from a man introduced to him by his cousin, a member of the club, and that also he smelled liquor and wine at the same club. Ray Palmer testified that in September he was told by Lee Toast that he could get liquor at the club, and that Toast, the man who told him, took his money, stationed the witness at the front, and came out of the back way; that he paid the sum of $10 for a bottle, and received it in the alley back of the club; also that on another occasion he purchased in the kitchen of the club from a man employed there as cook, a drink of jackass brandy, paying 50 cents for it and giving the man who served him 50 cents by way of a tip.

Guy Shoun, a police officer of the city of Fresno, testified that Mr. Finley, one of the defendants, told him that he had been selling liquor for four months at 35 cents a drink, and that Page told him the same. Mr. Page said to the witness that he, Finley, Burr, and Brown, but mostly Mr. Brown, had been selling the liquor, as he was the bartender and paid to do that. He did not say he meant the entire club; he said those four were the ones who had the management of the club. He said they served the drinks of the booze; he was sure he said "jackass" or liquor; * * * that he asked who sold the liquor, and he (Finley) said Brown sold it, and when Brown wasn't there, Burr sold it, and when Burr wasn't there, Page sold it, and so on, but that Brown sells it as he is the bartender; that he is sure he said to Finley: "Who sells this liquor?" and not "drinks." This statement is corroborated by the testimony of A. D. Truesdell, a police inspector of the city of Fresno.

Frank Traux, the chief of police of the city of Fresno, testified:

"I had a conversation with the defendants after their arrest. No offers of immunity were made to defendants, and we did not compel them to testify by threats or intimidation. Their statements were voluntarily made. * * * I told Mr. Page that I wanted to know how long they had been selling moonshine liquor; I think I called it jackass brandy at the time; and he said off and on since the country had gone dry, but off and on for the last three months they had been selling it to men whom they knew. I told them they had gotten past pretty easy; that we had been after them for quite a while; and he said, 'Yes,' we had nearly gotten them two or three times, but they had always gotten it hid. * * * I said we understood they had some of the liquor hid, and brought it in one bottle at a time, and he said, 'Yes,' but we hadn't found it."

Mrs. Ida Hensley, residing at 1707 F. street in the city of Fresno, testified that she visited the Douglas Club on or about the 29th of October, and that Mr. Page offered her a drink, which she took and drank; that she is familiar with the odor and taste of liquor; that the contents of the glass handed her looked like liquor, had the taste of liquor, and smelled like liquor.

This evidence shows that the defendants maintained a common nuisance, as distinguished from a single unlawful act of possession. The

charges in the information were sufficient to acquaint the defendants with the nature of the offense for which they were tried, and the evidence was sufficient to support the charges contained in both counts.

The judgment of the District Court is affirmed.