## MORGAN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 21, 1923.)

No. 2143.

1. **Indictment and information** ⊜⟹52(1)—**Affidavit in support of information held unnecessary.**

Where it does not appear from the record that defendant was arrested on the information, it was not necessary that the information should be supported by an affidavit showing personal knowledge of facts constituting probative cause.

2. **Intoxicating liquors** ⊜⟹226—**Excluding evidence held not reversible error.**

In prosecution for sale of intoxicating liquor, there was no reversible error in excluding testimony of witness that at one time he bought nonintoxicating grape juice from defendant.

3. **Criminal law** ⊜⟹806(3)—**Not necessary to repeat injunction as to reasonable doubt at every point of charge.**

Where charge was specific that it was necessary for conviction that the jury should be convinced of defendant's guilt beyond a reasonable doubt, it was not necessary to repeat the injunction at every point of the charge.

4. **Criminal law** ⊜⟹984—**Certain sentences under particular counts set aside, because such counts included in another.**

As conviction of defendant on charge of manufacturing moonshine whisky necessarily embraced conviction of the offense of having in possession the same moonshine whisky, and the offense of having in possession property designed for the manufacture of moonshine whisky, charged in different counts, sentences for having in possession moonshine whisky and property designed for manufacture of whisky must be set aside, leaving sentence under count for unlawful manufacture.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; William E. Baker, Judge.

Earl Morgan was convicted of violations of the National Prohibition Law, and brings error. Affirmed.

W. B. Casey, of Wheeling, W. Va., for plaintiff in error.

T. A. Brown, U. S. Atty., and H. D. Matthews, Asst. U. S. Atty., both of Parkersburg, W. Va.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. Three informations charging defendant with violations of the National Prohibition Law were consolidated and tried together. The defendant was convicted on count 2 of information No. 6995, charging a sale of intoxicating liquor to J. J. Doerr, and other persons unknown, and sentenced to imprisonment thereon for six months; on count 5 of the same information, charging a sale of intoxicating liquor to Vincent Dorich and other persons unknown, and sentenced to imprisonment thereon for an additional period of six months. The defendant was also convicted on information 7074, charging the unlawful sale of liquor to Leck C. Collins, and sentenced to an additional period of imprisonment of six months. On count 3 of information 7073, charging the unlawful manufacture of intoxicating liquor, the defendant was convicted and sentenced to additional imprisonment for six months; on counts 1 and 2 of the same information, charging the unlawful possession of intoxicating liquor, and the unlawful possession of property designed for the manufacture of intoxicating liquor, and sentenced to pay a fine of $1,000 and costs.

There is no merit in the appeal, except that upon one point, and on that the United States attorney concedes error.

[1] It does not appear from the record that the defendant was arrested on the information, and therefore it was not necessary that the information should be supported by an affidavit, showing personal knowledge of facts constituting probable cause. Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524. It is needless to restate the conclusive reasoning of the court in that case.

On every count there was abundant evidence to support the conviction. Indeed, the testimony of the defendant himself on material points corroborated the witnesses for the government.

The record does not support the statement that the court excluded evidence of the arrest of the government witness Hatcher on a charge, in the state court, of operating a still.

[2] There was no reversible error in excluding the testimony of McConihay that at one time he bought nonintoxicating grape juice from defendant. Such testimony would have no tendency to prove that defendant did not sell at another time to another person as grape juice elderberry wine, which did have an intoxicating effect.

[3] The charge of the District Judge was specific that it was necessary for conviction that the jury should be convinced of the defendant's guilt beyond a reasonable doubt. It was not necessary to repeat the injunction at every point of the charge.

Count 1 of information 7073 charges possession of four gallons of moonshine whisky, and count 2 possession of property designed for the manufacture of intoxicating liquor. Count 3 of the same information charges the actual manufacture of four gallons of moonshine whisky.

[4] Conviction of the defendant on the charge of manufacturing moonshine whisky, under the facts of this case, necessarily embraced conviction of the offense of having in possession the same moonshine whisky, and the offense of having in possession property designed for the manufacture of moonshine whisky, charged in counts 1 and 2 of the same indictment. The act charged as a crime in count 3 included acts charged as crimes in counts 1 and 2. It follows that the sentence under counts 1 and 2 must be set aside, as was properly conceded by the United States attorney. Nothing can be added to the discussions and decisions in Re Nielson, 131 U. S. 176, 185, 9 Sup. Ct. 672, 33 L. Ed. 118, Reynolds v. United States (C. C. A.) 280 Fed. 1, and Rossman v. United States (C. C. A.) 280 Fed. 950.

The judgment of the court is that the fine of $1,000 and costs imposed for the conviction under counts 1 and 2 of information 7073 be set aside, and the defendant relieved therefrom, and that the judgment in other respects be affirmed.

Affirmed.