## ADAMSON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.    January 17, 1924.)

### No. 4183.

1. **Indictment and information** ⬦═43—**Order directing filing need not be attached to information.**

It is not necessary that the order of the court directing that information be filed should be attached to the information.

2. **Indictment and information** ⬦═99—**Charges of time and place in first count may be adopted by reference.**

Where the first count of an information charged time when, and place where the offense was committed, adoption by reference of such time and place in other counts was sufficient.

3. **Intoxicating liquors** ⬦═209—**Information need not allege method of manufacture or statute violated.**

An information charging unlawful manufacture of intoxicating liquor is not defective because the method of manufacture is not alleged, or the particular statute violated is not pointed out; but it is for defendant to show that his manufacture is lawful.

4. **Intoxicating liquors** ⬦═209—**Information held sufficiently to describe apparatus and illegal possession thereof.**

An information alleging that accused had in his possession a 500-gallon and a 35-gallon copper still, 2 worms, and 32 condensers, designed for the manufacture of intoxicating liquor intended for use in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), *held* sufficiently to describe the apparatus and possession thereof with intent to violate the act.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Herman Adamson was convicted of illegally manufacturing intoxicating liquor and of illegally possessing distilling apparatus, and he brings error. Affirmed.

William D. Turner, of Savannah, Ga., for plaintiff in error.

F. G. Boatright, U. S. Atty., of Cordele, Ga., and Chas. E. Donnelly, Asst. U. S. Atty., of Savannah, Ga. (Chas. L. Redding, Asst. U. S. Atty., of Savannah, Ga., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. On the 30th day of March, 1923, and on the 17th day of May, 1923, informations were filed by leave of court against the defendant and one other person (E. F. Sutton in the first information, and Alfred Anderson in the second), charging in three counts (1) possession; (2) the manufacture of intoxicating liquor; and (3) the possession of distilling apparatus designed and intended for the illegal manufacture of intoxicating liquor. Upon trial the defendant was convicted on the second and third counts of the first information and the third count in the second information.

Thereupon the defendant moved to arrest the judgment (1) because said counts do not allege any offense against the laws of the United States; (2) because said counts do not allege time or place where said

violation was committed; (3) because it is not specifically charged that the prohibition law was violated; (4) because the counts do not say how the liquor was manufactured, or that it was manufactured for beverage purposes; (5) said counts do not show where nor at what time the articles were possessed, nor charge any violation of any law within the jurisdiction of the court; (6) because said counts do not allege the violation of the Prohibition Act or internal revenue laws; (7) said informations are not supported by an affidavit, nor is there an order of the court allowing same to be filed. The court denied the motion in arrest and sentenced the defendant on the verdict of guilty.

It will be sufficient to set out the counts in the first information, as the third count in the second information is identical with the third count in the first information, except as to the articles possessed. The information is as follows:

"Comes now Chas. E. Donnelly, assistant United States attorney in and for the Southern district of Georgia, who for the United States prosecutes for the Eastern division of said district, and on the 30th day of March, 1923, leave of the court first had, gives the court to understand and be informed:

"Count 1. That on or about the 28th day of October, 1922, within the jurisdiction of this court, in the county of Bryan," etc.

"Count 2. And the United States attorney aforesaid does further inform the court that at the time and place and within the jurisdiction aforesaid the said Herman Adamson * * * did unlawfully manufacture intoxicating liquors, contrary to the form of the statute in such cases made and provided," etc.

"Count 3. And the United States attorney aforesaid does further inform the court that at the time and place and within the jurisdiction aforesaid the said Herman Adamson * * * did have and possess one 500-gallon copper still, one 35-gallon copper still, 2 worms, and 32 condensers, designed for the manufacture of intoxicating liquor intended for use in violation of the National Prohibition Act, contrary to the form of the statute," etc.

As before stated, the third count of the second information filed differs from the third count above quoted only in the time of the possession and the articles possessed, material to consideration of errors assigned. The error assigned is the denying the motion in arrest on the several grounds alleged.

[1] The record shows orders by the presiding judge, made April 2d and May 17th, that the informations be filed and process issued thereon. The orders, so far as material, are as follows:

"It being made to appear to the court that criminal informations for violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), in cases herein below set forth have been duly sworn to," etc.

The orders give leave to file same. The record thus disposes of most of the grounds of the motion to arrest the judgment. It is not necessary that the order allowing the filing be attached to the information.

[2] The question remains: Do the counts charge offenses against the laws of the United States? The first count in each information charges the time when and the place where the violation was committed, and this time and place is adopted by reference in each of the other counts, and disposes of those grounds of the motion.

[3] The second count in the first information is challenged, because the method of manufacture is not alleged, nor the particular statute

pointed out which has been violated. It is alleged that the manufacture was unlawful. The Prohibition Act points out how intoxicating liquor may be manufactured 'lawfully, and if the defendant was lawfully engaged in such manufacture it is incumbent upon him to show it. Nor is it necessary for the information to allege the method of such manufacture. The charge is that on a certain day he unlawfully manufactured intoxicating liquor, within the county named and in the jurisdiction of the court. That is sufficient to put the defendant on trial.

[4] The third counts of each information are challenged for the reason that the apparatus possessed is not sufficiently described, and that it is not alleged that the prohibition or revenue laws were violated. The description is ample, and the counts allege the possession was with intent to violate the Prohibition Act.

The defendant pleaded to each of these informations without objection, and the informations were filed upon the oath of office of the assistant United States attorney. There is nothing in the record to show that either was filed upon the oath of any one else, and the cases where the information shows on its face that it was filed upon the oath of some third person are not applicable here.

The judgment of the lower court is affirmed.