## PATRILO et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 6, 1925.)

No. 6124.

**1. Intoxicating liquors ⬤⟿137—Offense of "possessing property designed for unlawfully manufacturing intoxicating liquor" means more than mere presence.**

Offense of "possessing property designed for unlawful manufacture of intoxicating liquor," defined by National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), means unlawful custody and control, and more than mere physical presence.

**2. Intoxicating liquors ⬤⟿169—Mere employees of manufacturer of intoxicating liquor held not guilty of possession and control of property designed for unlawfully manufacturing intoxicating liquor.**

Mere employees of one engaged in unlawfully manufacturing intoxicating liquor *held* not in joint possession and control with their employer of equipment used, so as to be guilty, under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), of possession of property designed for unlawful manufacture of intoxicating liquor.

**3. Criminal law ⬤⟿984 — Intoxicating liquors ⬤⟿173—Offense of possessing property designed for manufacturing liquor included in that of unlawful manufacture, and conviction and punishment for both offenses on evidence of single transaction unwarranted.**

Offense of possessing property designed for unlawfully manufacturing intoxicating liquor, under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), is included in offense of unlawful manufacture, and defendants, convicted of offense of unlawful manufacture, cannot, under same evidence, be convicted and punished for possession of property designed for unlawfully manufacturing liquor.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Nick Patrilo and others were convicted of possessing property intended for unlawful manufacture, distillation, and production of intoxicating liquor, and of unlawfully manufacturing intoxicating liquor, and they bring error. Convictions on first-named offense reversed, and on second-named offense affirmed.

Dickmann & Burleigh, of St. Louis, Mo., for plaintiffs in error.

C. J. Stattler, Asst. U. S. Atty., of St. Louis, Mo.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

LEWIS, Circuit Judge. The three plaintiffs in error, Nick Patrilo, Sebastian Gen-

ino and Sam Catalano were convicted on two counts of an indictment, the first charging that on April 29, 1921, they had in their possession and under their custody and control property designed and intended for the unlawful manufacture, distillation and production of intoxicating liquor, to wit, one still and a large amount of corn mash. The second count charged that on the same day and at the same place, in the city of St. Louis, they unlawfully manufactured and distilled a certain quantity of intoxicating liquor, to wit, 25 gallons of alcohol. Three police officers were the only persons who testified and they were called by the prosecution. From the evidence it appears that two of these officers went to No. 5022 Grace avenue, in the city of St. Louis, on the day named in the indictment and found Patrilo in a shed on the rear of the premises. They had a conversation with him there and he told them he would show them what he had in the basement of the house. Patrilo lived in the house; it was his home. He took the officers through the kitchen and down into the basement, where a large still was in operation and where several hundred gallons of corn mash and about 25 gallons of alcohol were found. While in the basement the officers thought they heard a door slam above them, and one of them went up and around to the front of the house and discovered Genino and Catalano running up the street, each without a hat or coat. He hailed them and they came back. They were taken down to the basement. The officers testified that when they, Patrilo and the other two defendants, were together in the basement Genino and Catalano said they were working for Patrilo, they were just getting paid for working there and had nothing else to do with it, that Patrilo was the owner and he would fix it up. Their testimony was brief, and its substance has been stated.

[1, 2] Section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m), defining the crime charged in the first count speaks of having, holding, and possessing property designed for the manufacturing of intoxicating liquor. This means more than physical presence and the laying on of hands. As the pleader aptly charged, it means unlawful custody and control. The evidence shows that the premises were occupied by Patrilo as his home, the still and mash were in the basement of his house at his will and wish. So far as the evidence indicates, that condition existed regardless of anything done or said by the other two defendants. They were Patrilo's hired serv-

ants. Aside from that it does not appear they had anything else to do with it, and those services did not convert Patrilo's possession and control into the joint possession, custody and control of themselves and Patrilo, within the meaning of the law. Grantello v. United States (C. C. A.) 3 F.(2d) 117. No case was made against Genino and Catalano on that count. Their request for an instructed verdict should have been granted.

[3] But conceding that the proof would have supported a verdict of guilty on the first count as against all three defendants, because they were all in the joint possession of the still and mash, within the meaning of section 25, they could not also be convicted and punished on the second count, for the reason that the offense charged therein embodied the offense charged in the first count. The two charges are of the same date and the evidence deals with but one occasion, when the police officers went to Patrilo's place. In Tritico v. United States, 4 F.(2d) 664, prohibition agents found defendants operating stills in a barn on unoccupied premises. They were charged in the first count with unlawful possession of intoxicating liquor, in the second with unlawful possession of property designed for the manufacture of liquor, and in the third with the unlawful manufacture of liquor. There were verdicts of guilty and sentences on each of the counts. It was held that convictions on the first and second counts could not stand because those counts contained charges of the same acts that were embodied in the third count. The Circuit Court of Appeals for the Fifth Circuit said:

"It must be apparent at once that proof of possession of distillery apparatus would necessarily have to be included in order to prove the manufacture of liquor, because such manufacture would otherwise be impossible. Likewise the same evidence which proved manufacture of liquor proved possession of it because, upon the manufacture being completed, the liquor necessarily came into the control or possession of the manufacturer. It can make no difference whether separate charges are tried together or at different times. If the defendants had been tried for manufacturing liquor, they could not afterwards have been prosecuted for possessing the apparatus necessary for such manufacture or for possessing the liquor so manufactured."

In Morgan v. United States, 294 F. 82, the first count of an information charged possession of four gallons of moonshine whisky, the second, possession of property

designed for the manufacture of intoxicating liquor, and the third, the actual manufacture of four gallons of moonshine whisky.

The Circuit Court of Appeals for the Fourth Circuit said this:

"Conviction of the defendant of the charge of manufacturing moonshine whisky, under the facts of this case, necessarily embraced conviction of the offense of having in possession the same moonshine whisky, and the offense of having in possession property designed for the manufacture of moonshine whisky, charged in counts 1 and 2 of the same indictment. The act charged as a crime in count 3 included acts charged as crimes in counts 1 and 2. It follows that the sentence under counts 1 and 2 must be set aside, as was properly conceded by the United States attorney."

The Circuit Court of Appeals for the Sixth Circuit announced the same principle in a like case. Reynolds v. United States, 280 F. 1. At the close of the testimony the district attorney should have made an election. Clearly the defendants were all guilty on the second count.

There were separate judgments and sentences of each defendant on each count. Those on the first count, which charged possession and control of property designed for the unlawful manufacture of intoxicating liquor are all reversed. Those against each of the defendants on the second count, which charged the manufacture of intoxicating liquor, are all

Affirmed.