## KENT v. UNITED STATES.

### No. 11529.

Circuit Court of Appeals, Fifth Circuit.

July 26, 1946.

Rehearing Denied Aug. 28, 1946.

Writ of Certiorari Denied Nov. 25, 1946.

See 67 S.Ct. 297.

Edwin H. Grace, of New Orleans, La., for appellant.

Herbert W. Christenberry, U. S. Atty., and N. E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

A truck carrying fifty-two cases (about 113 gallons) of distilled spirits was seized, with the liquors, by federal officers in Louisiana, and libelled for forfeiture because intended to be used in violating the revenue laws, especially those about selling at wholesale, without registering and paying tax, and without keeping the required records. Kent, who was in possession, claimed the liquors and truck. The case was tried by the judge, without a jury, who rendered a decree of forfeiture, on an opinion and on findings of fact and conclusions of law. Kent had a federal permit to sell distilled liquors at retail at East Jackson, Mississippi, on premises known as "The Spot", but had not operated the place for this purpose for several weeks before the date of seizure, and it was opened up the day following by two other persons who rented from Kent. Kent had made several liquor transactions in wholesale lots not at "The Spot" before and after the date of seizure, which appeared to be sales and not merely transportations for others. The transaction in progress when stopped by the seizure was claimed by the United States to be similar. Kent contended that it did not appear but that he was taking the seized liquors to "The Spot" for lawful sale by himself at retail, and that he had not rented the entire premises. It was shown, however, and the Court found as a fact, that at the time of seizure Kent first denied that the truck and liquors were his; then admitted ownership, and said he would already have been in Jackson and "have sold the stuff" if he had not stopped at his father's

house overnight, and that he intended to sell it to anyone in Jackson, "wholesale or retail, whichever he could get the most money for it". Later he said he intended to take the liquor to "The Spot". The crucial fact question was whether the liquors were intended to be used by Kent in making lawful sales at "The Spot" under his permit, or in making sales elsewhere, or at wholesale, or without keeping records. The Court found the latter to be true, laying some stress on the failure of Kent, who knew his own purposes in this transaction as well as in the others contended to be similar, to testify as a witness about them.

■ It was not error to consider Kent's failure to testify as a circumstance indicative of the truth. He had made conflicting statements about his intentions. He had furnished no very convincing proof that he was intending to reopen "The Spot" for retailing. He himself did not reopen it. The provision of the Fifth Amendment: "nor shall be compelled in any Criminal Case to be a witness against himself" has no application. This is not a criminal case but a civil case, and no one seeks to compel Kent to testify. He has voluntarily appeared in the case as claimant. He voluntarily does not tell what he knows. His silence may well count against him, as against any other civil litigant. So also the Statute, 28 U.S.C.A. § 632, providing that the "person so charged" shall be a competent witness at his own request but not otherwise; "and his failure to make such request shall not create any presumption against him", is without application, for it is limited to "the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offenses, and misdemeanors." This is not such a trial. Kent is not here charged with any crime or offense. This property is alleged to be forfeited under 26 U.S.C.A. Int.Rev.Code, § 3116, because "intended for use in violating the provisions * * * of the internal-revenue laws."

■ The evidence as to intent is left by Kent's not testifying, to consist of Kent's admissions, and the circumstances. The inference of the Court that there was an intent to use the truck and liquors in violating

the revenue laws as alleged is not unreasonable or plainly erroneous.

The judgment of forfeiture is

Affirmed.

## On Motion for Rehearing.

PER CURIAM.

On motion for rehearing it is interestingly urged that Boyd v. United States, 116 U. S. 616, 6 S.Ct. 524, 525, 29 L.Ed. 746 and cases following it require that this proceeding for forfeiture be treated, for the purposes of the questions made, as a criminal case. We do not think so. In Boyd's case a criminal offense was directly involved and must have been committed to cause the forfeiture. The forfeiture indeed was a part of the punishment prescribed for the offense, for the statute, after defining the offense, says of the offender that he "shall for each offense be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both; and, in addition to such fine, such merchandise shall be forfeited."

In this case no crime was committed. The crime which it was alleged was intended to be committed by selling the liquors at wholesale and without keeping records was prevented by the officers' seizure of this property. The question at issue is not whether Kent had committed a crime by transporting the liquors by means of the truck, for he had not, but whether he was using the truck and liquors with the intention of committing a crime in the near future. Since no crime had been consummated, if Kent had testified to the most damaging view of his conduct it would only have been that he was about to commit a crime but did not. The seizure for forfeiture here is not in consequence of or in punishment for a crime, but to prevent one. The proceeding is preventive and remedial, rather than punitive or criminal. Compare Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917. And as in Bilokumsky v. Tod, 263 U.S. 149, 155, 44 S.Ct. 54, 68 L.Ed. 221, Kent could perhaps have been required to testify on the particular point of his intentions, which were never carried out, without any risk of incriminating himself.

Rehearing denied.