**UNITED STATES v. HARVIN et al.**
No. 10–183.

United States District Court
E. D. Virginia, Norfolk Division.
June 19, 1950.

George R. Humrickhouse, United States Attorney, Richmond, Va., for plaintiff.

Charles B. Moss, Norfolk, Va., for defendants.

BRYAN, District Judge.

Moving to dismiss the defendants deny that the indictment charges a crime. Its accusation is that the defendants "did unlawfully and feloniously have and possess certain property", such as a still, fermenters, jugs, cooler and the like, "intended for use in violating the Internal Revenue laws of the United States, that is to say, x x x for the unlawful distillation of spirits", citing section 3116, Title 26, United States Code Annotated, as the statute violated. Defendants say 3116 is not a criminal statute. That act reads:

"§ 3116. Forfeitures and seizures. It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of the Act of June 15, 1917, 40 Stat. 228 (U.S.C., Title 18, §§ 611–633), for the seizure of such liquor or property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws, or of any other law. The seizure and forfeiture of any liquor or property under the provisions of this part and the disposition of such liquor or property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such liquor or property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal-revenue laws. 53 Stat. 362."

Because its catch-line reveals no definition of a crime, but only a provision for forfeiture and seizure of contraband, and its text declares inter alia certain property contraband and authorizes an in rem proceeding for its condemnation, the defendants relying on Kent v. U. S., 5 Cir., 157 F.2d 1 and U. S. v. Windle, 8 Cir., 158 F.2d 196, argue that 3116 creates no crime. With this the Court does not agree.

"To have or possess any liquor or property intended for use in violating" the laws relating to industrial alcohol, or the internal revenue, is made "unlawful" by 3116. Sec. 3115(a), also referred to in the indictment, penalizes the violation of the provisions of Part II of the Act, which includes 3116. Together they define a crime, 3116 describing the unlawful act, 3115(a) prescribing the punishment. The statute had its analogue in sec. 25 of the National Prohibition Act, 27 U.S.C.A. § 39, and the latter was in several cases treated as a criminal statute, although the present point was not in issue. Morgan v. U. S., 4 Cir., 294 F. 82; Patrilo v. U. S., 8 Cir., 7 F.2d 804.

In the opinion of the Court section 3116 should be construed as defining both a criminal offense and a forfeiture. Provisions for the two are independent and distinct, however. They are not inseparable, as are felony and forfeiture at common law, or as they were made by the statute in Boyd v. U. S., 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746. The existence of the forfeiture clauses does not exclude or extinguish the existence of the criminal prohibition. The forfeiture here provided is a statutory forfeiture and a personal conviction is not a prerequisite to its operation. Dobbins' Distillery v. U. S., 96 U.S. 395, 399, 24 L.Ed. 637. Furthermore, to show their divorcement, conviction or acquittal of the criminal offense would not bar the forfeiture, Various Items of Personam against the offender. Coffey v. U. S., 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684; forfeiture were an incident to conviction of the crime, or a liability enforceable in personam against the offender. Coffey v. U. S., 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684; U. S. v. LaFranca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551. The forfeiture declared is enforced by a proceeding in rem only and wholly civil in its nature.

The cases of Kent v. U. S., 5 Cir., 157 F.2d 1 and U. S. v. Windle, 8 Cir., 158 F.2d

196, both supra, involved only proceedings for forfeiture. Obviously the proceedings in each of them invoked exclusively the civil, in rem steps authorized under 3116, and plainly the courts there were sound in their holdings that the constitutional safeguards of criminal trials were not applicable. They were dealing only with the civil impact of 3116. U. S. v. Eliott Hall Farm, D.C.N.J., 42 F.Supp. 235 was of the same character.

The motion to dismiss will be denied.