718

## UNITED STATES v. BLAIR et al.

### No. 7921.

United States District Court
E. D. Kentucky.

June 9, 1951.

Claude P. Stephens, U. S. Atty., Lexington, Ky., for plaintiff.

Harry R. Burke, Prestonsburg, Ky., for defendants.

FORD, Chief Judge.

This case is submitted upon the motion of the defendants to set aside and vacate the sentence imposed upon each of them following their pleas of guilty to the charge set out in the second count of the indictment. The charge is that the defendants "did unlawfully have in their possession twelve—½ cases of liquor and distilled spirits, and one case of California White Port Wine, ten cases of Budweiser Beer, six—½ cases of Falls City Beer, and 53—½ cases of Falls City Beer, for use in violation of the Internal Revenue Laws of the United States, in that the same was purchased and intended for sale by them as a retail liquor dealer without having paid a special tax as required by law, in violation of Section 3116 of the Internal Revenue Code."

By section 3116 of the Internal Revenue Code, 26 U.S.C.A. § 3116 it is provided: "It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the Internal Revenue laws * * *." (Underscoring added).

Any person who carries on the business of retail liquor dealer and willfully fails to pay the special tax as required by law violates the Internal Revenue Laws, Internal Revenue Code, § 3253, 26 U.S.C.A. § 3253, and, hence, one who has liquor in his possession which is intended for such use is thus brought within the reach of this provision of the statute.

The only penalty prescribed by section 3116 is that of seizure and forfeiture of

the liquor or property so possessed. It contains the provision, however, that "Nothing in this section shall in any manner limit or affect any criminal * * * provision of the internal revenue laws, or of any other law."

Section 3115 of the Code, after first penalizing the unlawful operation of industrial alcohol and denaturing plants and the unlawful withdrawal of taxable alcohol also prescribes a criminal penalty for "whoever otherwise violates any of the provisions of this part * * *."

 Both sections 3115 and 3116 are included in "Part II" of sub-chapter C of chapter 26 of the Act of Congress of February 10, 1939, by which the Internal Revenue laws of the United States were consolidated and codified, 53 Stat. pages 1–504, and obviously the provisions of section 3116 are "provisions of this part", as that phrase is used in section 3115. It therefore seems quite clear that the criminal penalties provided in section 3115 are intended to apply to violations of the provisions of section 3116 as well as to the other provisions of "Part II". Section 3116 describes the offense but prescribes only a civil sanction for its commission. It leaves to other provisions of the law the fixing of criminal penalties. In view of the criminal penalties prescribed by the immediately preceding section, it would have seemed superfluous to have again prescribed them. The mere addition of the civil sanction does not exclude the criminal sanction.

The same views are expressed by District Judge Bryan of the Eastern District of Virginia in United States v. Harvin, 91 F.Supp. 249, 250, thus:

"* * * Sec. 3115(a), also referred to in the indictment, penalizes the violation of the provisions of Part II of the Act, which includes 3116. Together they define a crime, 3116 describing the unlawful act, 3115(a) prescribing the punishment."

"* * * The existence of the forfeiture clauses does not exclude or extinguish the existence of the criminal prohibition."

In the same case, it is said: "The cases of Kent v. U. S., 5 Cir., 157 F.2d 1, and U. S. v. Windle, 8 Cir., 158 F.2d 196, both

supra, involved only proceedings for forfeiture. Obviously the proceedings in each of them invoked exclusively the civil, in rem steps authorized under 3116, and plainly the courts there were sound in their holdings that the constitutional safeguards of criminal trials were not applicable. They were dealing only with the civil impact of 3116."

The same authorities are the only ones cited and relied upon by the defendants here. They are not apposite.

 The contention of the defendants that no criminal penalty was intended for the violation of the offense described in 3116 and that the criminal penalties provided by section 3115 are limited to the violation of other laws seems clearly untenable.

The motion to vacate and set aside the sentences imposed under count two of the indictment should be overruled.

Let an order be entered in conformity herewith.