**SHIVELY**

v.

**UNITED STATES** (two cases).

**Nos. 6735, 6741.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 5, 1954.

Decided Jan. 27, 1954.

C. Carter Lee, Rocky Mount, Va., for appellants.

John Strickler, U. S. Atty., Roanoke, Va., and Beverly A. Davis, III, Asst. U. S. Atty., Rocky Mount, Va. (Thomas J. Wilson, Asst. U. S. Atty., Harrisburg, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

On July 28, 1953, a Ford and a Chevrolet pickup truck were seized by officers of the law while proceeding a short distance apart along a highway in Franklin County, Virginia. Loaded upon the Ford was a copper still and upon the Chevrolet six box fermenters of the sort used around illicit distilleries, bearing a strong odor of mash. The driver of the Ford escaped. The appellant Henry Waverly Shively who was driving the Chevrolet was arrested and was indicted

and convicted, under 26 U.S.C. §§ 3115 and 3116, of possession of property intended for violation of the internal revenue laws. Both trucks were forfeited under the provisions of 26 U.S.C. § 3116.

No question is raised as to the propriety of the forfeiture of the Ford; but Mary M. Shively has intervened as claimant of the Chevrolet and, in No. 6741, appeals from the order directing its forfeiture. The only question presented as to the propriety of the forfeiture is based upon the contention that there is no showing that the six box fermenters which the truck was engaged in hauling were intended for use in violating the internal revenue laws; but in light of the evidence as to the strong odor of mash on the fermenters and the close proximity of the other truck carrying the still the contention is so lacking in merit as not to warrant discussion.

In No. 6735, Henry Waverly Shively contends that he was improperly convicted because the trial judge, who heard the case by consent without a jury, admitted testimony showing that he had been convicted of violating the liquor laws about three months prior to his arrest. He contends also that there was no evidence tending to show that he had possession of the fermenters for any unlawful purpose. There is no merit in either of these contentions. Testimony as to the recent prior conviction of Shively for violating the liquor laws was certainly strong evidence as to his intent in hauling the fermenters, as was also the presence of the still on the other truck; and, where the question of intent was in issue, proof of the conviction of the other crime was admissible as bearing on intent. See Simpkins v. United States, 4 Cir., 78 F.2d 594, 598; Breedin v. United States, 4 Cir., 73 F.2d 778; Lynch v. United States, 4 Cir., 12 F.2d 193; Tincher v. United States, 4 Cir., 11 F.2d 18.

Shively makes the further contention also that the indictment against him does not charge a crime. There are a number of decisions which sustain the action of the District Court on this point. See Godette v. United States, 4 Cir., 199 F.2d 331; Morgan v. United States, 4 Cir., 294 F. 82; United States v. Harvin, D.C., 91 F.Supp. 249; United States v. Blair, D.C., 97 F.Supp. 718. The sections in question are not confined to crimes relating to industrial alcohol. United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84. We are advised, however, that a case involving the precise point as to the sufficiency of the indictment in charging a crime under the sections of the statute here involved is before the Supreme Court in the appeal of United States v. Dixon from the Northern District of Georgia. We shall accordingly withhold decision on this point pending the decision of the Supreme Court in that case.[1]

The decision of the District Court in No. 6741 will accordingly be affirmed, and we shall withhold decision in No. 6735 pending the decision of the Supreme Court in the case to which we have referred.

No. 6735, decision withheld pending action by Supreme Court.

No. 6741, affirmed.