## UNITED STATES *v.* DIXON.

No. 500.  Argued March 12, 1954.—Decided April 5, 1954.

*Philip Elman* argued the cause for the United States. With him on the brief were *Robert L. Stern,* then Acting Solicitor General, *Assistant Attorney General Olney, Beatrice Rosenberg* and *J. F. Bishop.*

No appearance for appellee.

MR. JUSTICE CLARK delivered the opinion of the Court.

The sole question here is whether §§ 3116 and 3115 of the Internal Revenue Code make it a criminal offense to possess property intended for use in producing nontax-paid distilled spirits in violation of the Code.  Appellee

was indicted under these sections for wilfully and knowingly possessing 800 pounds of sugar and parts of a still for the proscribed purpose. On motion the District Court, relying on dictum in a court of appeals decision,[1] dismissed the indictment on the ground that § 3116 is "preventative and remedial rather than criminal, and that it does not define a criminal offense." The Government appealed directly to this Court under the Criminal Appeals Act, 18 U. S. C. § 3731. 346 U. S. 930.

Section 3116 of the Internal Revenue Code is captioned "Forfeitures and seizures," and provides in pertinent part: "It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws . . . and no property rights shall exist in any such liquor or property. . . . Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws, or of any other law. . . ." The section also provides for search warrants and for procedure in seizure and forfeiture. Section 3115 bears the caption "Penalties" and provides that anyone violating any of the provisions of "this part" for which offense a special penalty is not prescribed "shall be liable, for the first offense, to a penalty of not exceeding $1,000, or imprisonment not exceeding thirty days, or both . . . ." The

---

[1] *Kent* v. *United States*, 157 F. 2d 1 (1946). See also *United States* v. *Windle*, 158 F. 2d 196 (1946). In those cases the Government had invoked only the forfeiture provisions of the section; as applied to such a civil proceeding, characterization of the section as preventative and remedial was obviously accurate. The two reported cases which previously have faced squarely the present question have upheld the indictments. *United States* v. *Blair*, 97 F. Supp. 718 (1951); *United States* v. *Harvin*, 91 F. Supp. 249 (1950). See also *Godette* v. *United States*, 199 F. 2d 331 (1952), in which the present issue apparently was not raised.

two sections are included within the same "part" of the Code.[2]

The appellant's position is that § 3115 makes violation of any of the provisions of "this part" a criminal offense punishable by fine and imprisonment; § 3116 contains a provision making it unlawful to possess property intended

---

[2] Part II ("Industrial Alcohol Plants") of Subchapter C ("Industrial Alcohol") of Chapter 26 ("Liquor"). The full text of the two sections is as follows:

"§ 3115. Penalties—(a) Violations as to operation of plants or unlawful withdrawal of taxable alcohol.

"Whoever operates an industrial alcohol plant or a denaturing plant without complying with the provisions of this part and lawful regulations made thereunder, or whoever withdraws or attempts to withdraw or secure tax free any alcohol subject to tax, or whoever otherwise violates any of the provisions of this part or of regulations lawfully made thereunder shall be liable, for the first offense, to a penalty of not exceeding $1,000, or imprisonment not exceeding thirty days, or both, and for a second or cognate offense to a penalty of not less than $100 nor more than $10,000, and to imprisonment of not less than thirty days nor more than one year. It shall be lawful for the Commissioner in all cases of second or cognate offense to refuse to issue for a period of one year a permit for the manufacture or use of alcohol upon the premises of any person responsible in any degree for the violation.

"(b) Violations in general.

"Any person violating the provisions of this part or of any regulations issued thereunder, for which offense a special penalty is not prescribed, shall be liable to the penalty or penalties prescribed in subsection (a). It shall be the duty of the prosecuting officer to ascertain, in the case of every violation of this part or the regulations made thereunder, for which offense a special penalty is not prescribed, whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment.

"(c) Previous conviction.

"If any act or offense is a violation of this part, and also of any other law in regard to the manufacture or taxation of, or traffic in,

for use in violating the provisions of that part or the internal revenue laws; hence the indictment alleging a violation of §§ 3116 and 3115 by such possession charges a crime. We agree and so hold. We think the plain language of the two sections read together can lead only to the conclusion that the acts proscribed in § 3116 not only may result in forfeiture but likewise are made criminal and punishable under the general penalty provisions of § 3115.

The sections here involved were borrowed, with changes insignificant for present purposes, from the National Prohibition Act of 1919, 41 Stat. 305 *et seq.* There the sections appeared as §§ 25 (compare § 3116) and 29 (compare § 3115) of Title II, and presented a statutory pattern virtually identical to the present one. It is most persuasive that the courts consistently upheld criminal prosecutions brought under these sections for the analogous act of possessing property designed for the

intoxicating liquor, a conviction for such act or offense under the one shall be a bar to prosecution therefor under the other.

"§ 3116. Forfeitures and seizures.

"It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in Title XI of the act of June 15, 1917, 40 Stat. 228, for the seizure of such liquor or property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws, or of any other law. The seizure and forfeiture of any liquor or property under the provisions of this part, and the disposition of such liquor or property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such liquor or property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal-revenue laws."

manufacture of liquor intended for use in violation of Title II of the Prohibition Act.[3]

This consistency of interpretation, followed by Congress' utilization in the Code of the same provisions, is also helpful in dealing with the limitation in § 3115 which makes the penalties of that section applicable only where no "special penalty" is provided for the offense. As a *de novo* proposition it might be argued that in § 3116 a special penalty, forfeiture, is provided. But this argument was available with equal force under the Prohibition Act and appears to have barred no prosecution. Moreover, § 3116 contains a provision that "Nothing in this section shall in any manner limit or affect any criminal . . . provision of the internal-revenue laws." This would seem to settle the point.

Clearly Congress may impose both a criminal and a civil sanction in respect to the same act; this is neither unusual nor constitutionally objectionable. See *Helvering* v. *Mitchell*, 303 U. S. 391, 399–400 (1938). Likewise it is common in drafting legislation to declare certain acts unlawful in one section and set forth penalties for their commission in another.[4]

The only suggestion on the face of the statute that § 3116 was meant to be remedial and nothing more comes from its caption, "Forfeitures and seizures," supplied by the codifiers in 1939. But, in enacting the Code, Congress provided that "The arrangement and classification of the several provisions of the Internal Revenue Title have been made for the purpose of a more convenient and

---

[3] *E. g., Reynolds* v. *United States,* 280 F. 1 (1922); *Adamson* v. *United States,* 296 F. 110 (1924); *Staker* v. *United States,* 5 F. 2d 312 (1925); *Patrilo* v. *United States,* 7 F. 2d 804, 805 (1925). Compare *Page* v. *United States,* 278 F. 41 (1922).

[4] *E. g.,* Fair Labor Standards Act, 29 U. S. C. §§ 215, 216; Internal Revenue Code (narcotics), 26 U. S. C. §§ 2553, 2554, 2557.

orderly arrangement of the same, and, therefore, no inference, implication or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion thereof, nor shall any outline, analysis, cross reference, or descriptive matter relating to the contents of said Title be given any legal effect." 53 Stat. 1a. To accomplish its primary purpose of bringing together all operative revenue laws and making them more comprehensible, the Code made "liberal use of catchwords." [5] Typically, § 3116 is included in a subchapter entitled "Industrial Alcohol" and in a part entitled "Industrial Alcohol Plants"; yet even under a most narrow interpretation of its terms the section is in no sense limited to industrial alcohol.

So far as light is to be had from legislative history, it is meager and inconclusive, in no way militating against the meaning we attribute to the statute.

*Reversed.*

Mr. Justice Black, with whom Mr. Justice Douglas, Mr. Justice Jackson and Mr. Justice Minton concur, dissenting.

Respondent was indicted for violating §§ 3116 and 3115 of the Internal Revenue Code by having in his possession sugar, wooden barrels, a metal cap, a heater box and mash pipe, all "intended for use" in unlawfully evading liquor taxes. The District Court dismissed the indictment for failure to charge a crime. I agree. The indictment did clearly charge a violation of § 3116 which makes it "unlawful" to hold property for such an intended use. But § 3116 does not make "unlawful" possession a crime; the only sanction it contains is forfeiture. This

---

[5] H. R. Rep. No. 6, 76th Cong., 1st Sess. 3; S. Rep. No. 20, 76th Cong., 1st Sess. 3.

Court nevertheless holds that possession for such an "unlawful" purpose is made a crime by § 3115 (b). That section does not of itself define a crime; it merely authorizes fine or imprisonment for violations of other provisions of the Act which do not themselves prescribe a "special penalty." Hence the general penalties of § 3115 cannot apply to violations of § 3116, because this latter section prescribes its own "special penalty"—seizure and forfeiture of property. This forfeiture is plainly a penalty since there is no practical difference between taking a man's property by forfeiture and taking his money by a fine. And where Congress has specifically provided a property penalty I cannot agree to add a money penalty by dubious implication.

The accepted practice of construing criminal statutes narrowly should be especially appropriate here because of the unusual nature of the "crime" involved. The Court's interpretation of § 3115 makes possession of innocent property, such as an automobile, a crime if the possessor *intends* to use it illegally, even if he has not done so. Guilt is made to depend wholly on what is within the defendant's mind. Congress may well have been unwilling to apply sanctions other than forfeiture to an unexpressed intention to do something that has not even been attempted.