**UNITED STATES of America, Appellant,**

v.

**ONE CHEVROLET FOUR-DOOR SEDAN 1954 MODEL, Motor No. 020321OT54Z (Lucille Darden, Jackson, N. C. and Standard Chevrolet Co., Inc., Ahoskie, N. C., Claimants), Appellee.**

**No. 7390.**

United States Court of Appeals Fourth Circuit.

Argued April 4, 1957.

Decided May 11, 1957.

Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., for appellant.

No brief or oral argument for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WILLIAMS, District Judge.

PARKER, Chief Judge.

This is an appeal from a judgment denying the forfeiture of an automobile found by the court to have been used by the owner in carrying on the business of a retail liquor dealer without paying the tax imposed by statute. The following statement of facts is taken from the judgment entered in the District Court:

"Upon consideration of the evidence, the Court finds as a fact that on December 2, 1955, agents of the Alcohol and Tobacco Tax Division of the Department of Internal Revenue went to the home of claimant, Lucille Darden, and that one of the agents went into her home and arranged for the purchase of two pints of tax paid whiskey; that the claimant, Lucille Darden, came out of the house and removed from under the front seat of the vehicle described herein the two pints of tax paid whiskey and upon returning to the house delivered same to the agent and received payment therefor; that at the time of the sale and the removal of the two pints of whiskey from the vehicle, the said Lucille Darden had not paid the special tax imposed on a retail dealer of tax paid whiskey nor had she obtained any Federal

Retail Liquor Dealer's Stamp, as required by law, and as required by the provisions of Section 5121 of the Internal Revenue Code of 1954."

The District Judge held that a violation of 26 U.S.C. § 5691 was established by these facts [1] but that 26 U.S.C. § 7302, upon which the government relied for the forfeiture of the automobile, was not applicable. He based this decision upon the reasoning of the dissenting opinion in United States v. Ganey, 5 Cir., 183 F.2d 273, to the effect that the forfeiture provisions of 26 U.S.C. § 5691 provided the exclusive remedy by way of forfeiture and that, at all events, the automobile was not used in committing the offense of *failing to pay* the occupational license tax.

We think that the learned judge was in error in following the dissenting opinion in the Ganey case and that the law was correctly laid down, not in the dissenting, but in the majority opinion, which accords with the decision of this court in Jarrett v. United States, 4 Cir., 184 F.2d 532, 533. That case dealt with the forfeiture of a truck which had been engaged in hauling sugar to a distillery and we said with respect to section 3116, now section 7302, of Title 26 of the United States Code: "That statute clearly makes unlawful the possession of property used or intended to be used in violation of the internal revenue laws and makes such property forfeitable at the suit of the United States. See Kent v. United States, 5 Cir., 157 F.2d 1; United States v. Windle, 8 Cir., 158 F.2d 196." To like effect is the very recent decision of this court in cases Nos. 7341 and 7343, United States v. One 1955

Mercury Sedan (United States v. One 1954 Oldsmobile 2-Door Sedan), 4 Cir., 242 F.2d 429, in which we directed forfeitures of automobiles which had been engaged in transporting property, yeast in one case and pumps in another, to be used in violation of the Internal Revenue laws. Other decisions of this court directly in point are Shively v. United States, 4 Cir., 210 F.2d 131, where an automobile was forfeited for hauling fermenters, and Snead v. United States, 4 Cir., 217 F.2d 912, where a truck was forfeited for hauling yeast and malt.

The section relied on for forfeiture, 26 U.S.C. § 7302, is as follows:

"It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property. A search warrant may issue as provided in chapter 205 of title 18 of the United States Code and the Federal Rules of Criminal Procedure for the seizure of such property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal revenue laws, or of any other law. The seizure and forfeiture of any property under the provisions of this section and the disposition of such property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition

---

1. 26 U.S.C. § 5691 is as follows:

"Any person who shall carry on the business of a brewer, rectifier, wholesale dealer in liquors, retail dealer in liquors, wholesale dealer in beer, retail dealer in beer, or manufacturer of stills, and willfully fails to pay the special tax as required by law, shall, for every such offense, be fined not more than $5,000, and imprisoned not more than 2 years. All distilled spirits or wines, and all stills or

other apparatus, fit or intended to be used for the distillation or rectification of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or rectifying establishment, or in any building, room, yard, or enclosure connected therewith and used with or constituting a part of the premises, shall be forfeited to the United States."

of property or proceeds, for violation of the internal revenue laws."

The forfeiture provisions contained in this section are free of ambiguity and clearly apply to any property which has been used, or is intended for use, in violating the Internal Revenue laws; and there is no reason to deny its application to cases which it clearly covers merely because other forfeiture statutes, less comprehensive in scope, apply also to the violations of law involved. In United States v. Dixon, 347 U.S. 381, 74 S.Ct. 566, 98 L.Ed. 785, in which there was a division of the court as to whether the possession of property intended for use in violating the Internal Revenue laws constituted a crime under section 3115 of the Internal Revenue Code, all of the justices were agreed that such possession authorized a forfeiture under section 3116, now section 7302. As was well said by the Court of Appeals of the 8th Circuit in United States v. Windle, 8 Cir., 158 F.2d 196, 199:

> "It is clear that Congress, in enacting § 3116, intended to aid enforcement of revenue laws relating to intoxicating liquors by providing for forfeiture in any case of intended violation of those laws. A construction of § 3116 which would preclude its application to a case in which some other forfeiture provision might conceivably be invoked would tend to nullify its effectiveness as a revenue enforcing measure and would thwart the clearly disclosed purpose of Congress in enacting it."

See also Kent v. United States, 5 Cir., 157 F.2d 1; One 1941 Buick Sedan, etc. v. United States, 10 Cir., 158 F.2d 445; United States v. One 1942 G.M.C. Tractor Truck, 7 Cir., 182 F.2d 278, 282; Anderson v. United States, 5 Cir., 185 F.2d 343; United States v. General Motors Acceptance Corp., 5 Cir., 239 F.2d 102; United States v. 3935 Cases of Distilled Spirits, D.C., 55 F.Supp. 84.

Little need be said as to the contention that the automobile was not used in failing to pay the tax. The offense was not failing to pay the tax, but engaging in the occupation of retail liquor dealer without paying the tax. It was this which constituted a violation of the Internal Revenue laws. See United States v. General Motors Acceptance Corp., supra, 5 Cir., 239 F.2d 102, 104.

For the reasons stated, the judgment appealed from will be reversed and the case will be remanded with direction to enter a judgment of forfeiture.

Reversed and remanded with directions.