## BESS v. UNITED STATES.

### No. 3157.

Circuit Court of Appeals, Fourth Circuit.

April 25, 1931.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

James Damron, U. S. Atty., of Huntington, W. Va.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

PER CURIAM.

Appellant, who will be here referred to as defendant, was convicted after trial before a jury in the District Court of the United States for the Southern District of West Virginia, at Bluefield, at the January term, 1930, being charged with violation of section 3296 of the Revised Statutes of the United States (26 USCA § 404), and with transporting intoxicating liquors in violation of the National Prohibition Act, and was sentenced to three years' imprisonment in the penitentiary, and a fine of $200.

Federal and state prohibition agents had received information that the defendant was bringing a carload of liquor to Huntington, and would make a delivery of some of said liquor to a certain place in the city of Huntington at a certain time in the evening. At the time fixed, the prohibition agents went to the place where the liquor was to be delivered. One of the agents concealed himself in the house where the delivery was to be made, another agent outside of the house, and one in front of the house near where the car driven by defendant would stop. A few minutes after the officers arrived, the defendant drove up in a car fitting the description they

had as of the car in which the liquor was to be carried, and stopped in front of the house where the delivery was to be made. Immediately after the car was stopped in front of the house, the defendant got out of the car with two packages protruding from his pockets, and started to the house where the delivery was supposed to be made. The agent stationed near the car immediately went to the automobile, the door of same being open, and saw two one-gallon jugs on the floor near the seat of the automobile. The agent took the jugs from the car, and started following defendant in the direction of the house. When defendant reached the house and went up on the porch, the agent stationed in the house opened the door and met him on the porch. The defendant was arrested and searched, and the packages in his pockets were found to be two quart bottles of whisky, and the jugs found in the automobile were also found to contain whisky. The car was seized. The arrest of defendant, the search and seizure of the car, and the search of the defendant after the arrest, all happened in a short space of time.

The question raised on appeal is that the search of the defendant was in violation of the Fourth Amendment to the Constitution of the United States, which prohibits unreasonable searches and seizures.

In a recent case decided by this court, Fisher v. United States, 46 F.(2d) 994, decided January 31, 1931, this court dealt with a similar set of circumstances, and held that officers had a right to arrest one whom they had reason to believe was engaged in a commission of a felony, and that a search subsequent to an arrest under these circumstances was a proper search.

See, also, Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Milam v. United States (C. C. A.) 296 F. 629; Ash v. United States (C. C. A.) 299 F. 277; Benton v. United States (C. C. A.) 28 F.(2d) 695.

In a recent case decided by the Supreme Court of the United States, Husty et al. v. United States, 51 S. Ct. 240, 241, 75 L. Ed. ——, decided February 24, 1931, the court said:

"The Fourth Amendment does not prohibit the search, without warrant, of an automobile, for liquor illegally transported or possessed, if the search is upon probable cause; and arrest for the transportation or possession need not precede the search. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. We think the testimony which we have summarized is ample to establish the lawfulness of the present search. To show probable cause it is not necessary that the arresting officer should have had before him legal evidence of the suspected illegal act. Dumbra v. United States, 268 U. S. 435, 441, 45 S. Ct. 546, 69 L. Ed. 1032; Carroll v. United States, supra. It is enough if the apparent facts which have come to his attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched. * * *

"Here the information, reasonably believed by the officer to be reliable, that Husty, known to him to have been engaged in the illegal traffic, possessed liquor in an automobile of particular description and location, the subsequent discovery of the automobile at the point indicated, in the control of Husty, and the prompt attempt of his two companions to escape when hailed by the officers, were reasonable grounds for his belief that liquor illegally possessed would be found in the car. The search was not unreasonable, because, as petitioners argue, sufficient time elapsed between the receipt by the officer of the information and the search of the car to have enabled him to procure a search warrant. He could not know when Husty would come to the car or how soon it would be removed. In such circumstances, we do not think the officers should be required to speculate upon the chances of successfully carrying out the search. * * * The search was therefore on probable cause, and not unreasonable; and the motion to suppress the evidence was rightly denied."

Under the decisions of this court and of the Supreme Court of the United States above cited, the arrest of the defendant in this case was justified as being the arrest of a man reasonably believed to be engaged in the commission of a felony, and the subsequent search of the defendant and the search of the automobile were both lawful, and the judgment of the court below is accordingly affirmed.