## GODETTE v. UNITED STATES.

### No. 6436.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1952.

Decided Oct. 11, 1952.

Cameron S. Weeks and C. H. Leggett, Tarboro, N. C. (T. Chandler Muse, Tarboro, N. C., on brief), for appellant.

Cicero P. Yow, Asst. U. S. Atty., Wilmington, N. C. (Charles P. Green, U. S.

Atty., Raleigh, N. C., on brief), for appellee.·

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WILLIAMS, District Judge.

PER CURIAM.

Walter Alexander Godette was found guilty in a trial before the judge without a jury in the District Court of violating 26 U.S.C.A. § 3116, of possessing property, to wit, 12,000 pounds of sugar contained in 120 bags, which was intended for use in violating the provisions of the internal revenue laws, and was sentenced to pay a fine of $500. During the trial the defendant moved the District Judge to suppress the evidence which was secured by the seizure and search of the truck on the ground that the search was made in violation of the Fourth Amendment to the Federal Constitution; but the motion was denied and the main question on this appeal relates to the propriety of that action in view of the circumstances attending the seizure.

On October 25, 1951, certain government officers raided a large illicit still located in the woods about three-quarters of a mile from Godette's residence, in the neighborhood of North Harlow, North Carolina. After destroying the still and arresting several persons, the officers proceeded by automobile to New Bern, North Carolina. En route they met the defendant driving a truck but did not at first recognize him. While passing the truck they observed that it was heavily laden and that the contents were covered with tarpaulin. They turned around and followed the truck for half a mile and were able to see that the truck was carrying some substance contained in bags. They then pulled up along side the truck and recognized the driver as Godette whom they had known as a man with a bad record and reputation for the illicit manufacture of whisky and financing others engaged in

this occupation. They then signalled him to stop by using the siren. The defendant stopped his truck and upon being asked if he had sugar on his truck, replied that he did have sugar contained in 120 one hundred pound bags. He permitted the investigators to examine the sugar. He denied, however, that it was his sugar stating that he had gotten it for one John Carter who operated a small grocery store at North Harlow; and he exhibited a bill of sale made out to Carter from a baker in Greenville, North Carolina, in an amount of $1,086. At the trial Carter testified that the defendant had never hauled any sugar for him and that the sugar in question was not intended for· him and that his gross business at his store was between $200 and $300 per week. The baker who sold the sugar testified that he had sold sugar to the defendant a number of times before the day of the seizure.

We think that the seizure of the truck and the sugar under these circumstances did not amount to an unreasonable search and seizure in violation of the Amendment. It has been firmly established since the decision in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, that the search of an automobile without warrant and the seizure therein of illicit liquor or material for the illicit manufacture of liquor, which is subject to seizure under the Acts of Congress, does not violate the amendment, if made upon probable cause or the belief, reasonably arising out of circumstances known to the officers, that the vehicle contains such articles. In that case the court held that when the securing of a search warrant is reasonably practicable, it must be used, but when seizure is impossible, except without warrant as in the case of a moving vehicle on the highway, the seizing officer may proceed without warrant if he has reasonable cause for belief that the contents of the vehicle offend the law.*

---

\* In United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, the court relaxed the strict rule that requires a search warrant solely upon the basis of the practicability of procuring it rather than upon the reasonableness of the search after a lawful arrest. The court said,

339 U.S. at page 65, 70 S.Ct. at page 435: "A rule of thumb requiring that a search warrant always be procured whenever practicable may be appealing from the vantage point of easy administration. But we cannot agree that this requirement should be crystallized into a *sine*

There was probable cause in the pending case. The officers had just destroyed a large still in the general neighborhood of the defendant's residence; the sugar truck was proceeding to that section of the community; the driver of the truck was reputed to be a violator of the liquor laws and this fact was known to the officers; the truck was loaded with six tons of sugar and the only explanation was that the goods intended for a small neighborhood grocery store. No force was used in the course of the transaction. The defendant stopped his truck, when requested to do so, and consented to the inspection of his load. These circumstances led the officers reasonably to believe that a violation of the law was taking place and they would have been recreant to their duty if they had not made the seizure and held the property until an exhaustive investigation could be made. See, Husty v. United States, 282 U.S. 694, 51 S. Ct. 240, 75 L.Ed. 629; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Grice v. United States, 4 Cir., 146 F. 2d 849; Robinson v. United States, 5 Cir., 164 F.2d 271; Pearson v. United States, 10 Cir., 150 F.2d 219; Ray v. United States, 5 Cir., 84 F.2d 654.

When the case came to trial the evidence not only showed the circumstances of the seizure, as above set out, but the neighborhood grocer, in whose name the sugar had been billed, testified that the sugar did not belong to him. Moreover, the baker, who sold the sugar to the defendant, testified that he had made similar sales of sugar to the defendant on prior occasions. Neither the defendant nor any one on his behalf testified as to the purpose for which this large amount of seized sugar had been acquired, or the use to which it would be put; and it was proved that sugar had been used for the illicit manufacture of liquor in the neighborhood. Taking all these circumstances into consideration, it is obvious that there was sufficient evidence before the court to justify the verdict of guilty.

Affirmed.

qua non to the reasonableness of a search. It is fallacious to judge events retrospectively and thus to determine, considering the time element alone, that there was time to procure a search warrant. Whether there was time may well be dependent upon considerations other than the ticking off of minutes or hours. The judgment of the officers as to when to close the trap on a criminal committing a crime in their presence or who they have reasonable cause to believe is committing a felony is not determined solely upon whether there was time to procure a search warrant. Some flexibility will be accorded law officers engaged in daily battle with criminals for whose restraint criminal laws are essential."