### HARMAN v. UNITED STATES.
### No. 6707.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 15, 1954.

Decided Jan. 27, 1954.

J. Raymond Gordon, Charleston, W. Va., for appellant.

Duncan W. Daugherty, U. S. Atty., Huntington, W. Va. (A. Garnett Thompson, U. S. Atty., Charleston, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Roy Harman was convicted in the District Court of removing 15 gallons of distilled spirits, on which the internal revenue tax had not been paid, to a place other than a bonded warehouse, and also of possessing the same without having affixed an internal revenue stamp, denoting the quantity of distilled spirits contained therein, to the immediate container thereof, in violation of 26 U.S.C. §§ 2803 and 2913. He was sentenced to a term of three years in prison and has appealed on the ground that the liquor was taken in the course of an unlawful search and seizure in violation of the Fourth Amendment to the Federal Constitution, and that the evidence procured by the seizure was therefore wrongfully admitted at the trial. He also contends that certain instructions of the court to the jury were erroneous.

On April 2, 1953 three West Virginia state enforcement officers, having had a number of reports that illicit liquor was being "run" out of Slate Creek Hollow near Raysal, McDowell County, West Virginia, drove an automobile into the mouth of the Hollow and remained on watch in the car without lights on the edge of a rough road through the woods. They remained on watch from 8 p. m. until 4 o'clock the next morning. They saw a truck coming down the Hollow on the road and when it reached a point 50 to 100 feet from them they put on the lights of their car and drove into the road facing the approaching truck. Thereupon the driver of the truck stopped the vehicle and backed it toward the side of the road in order to turn around and go back, but the motor stalled and the driver leaped from the truck and ran off into the woods and escaped.

As soon as the truck started to go back two of the officers leaped from their car and ran toward the truck. Their way was lighted by the lights of their car and by flashlights which they carried. They got close enough to the truck and to the driver to recognize him as a man they had known for a number of years and to identify him as the defendant at the time of the trial. The truck was also identified at the trial by a number of witnesses as having been driven regularly by the defendant.

After the driver of the truck ran away the officers examined it and found that it contained a number of gallon glass jugs full of moonshine liquor. Some of the jugs were exposed to view and their contents were plainly visible to the officers when they reached the truck. The officers removed the caps on some of the jugs and ascertained from the smell that they contained whisky.

In view of these facts we find no ground for the contention that the search and seizure of the truck was in violation of the constitutional rights of the defendant. In Carroll v. United States, 267 U.S. 132, 147, 45 S.Ct. 280, 69 L.Ed. 543, the Supreme Court pointed out that Congress made a distinction between the necessity for a search warrant in the searching of a dwelling and in that of an automobile or other road vehicle, and the court held that such a distinction was consistent with the Fourth Amendment because it does not denounce all searches and seizures but only such as are unreasonable. When the officers of the law have probable cause for believing that the law is being violated in their presence and it is impracticable to obtain a search warrant they may proceed with the search without it. In the pending case the officers had infor-

mation which led them to investigate the suspected neighborhood, they perceived the truck coming out of the Hollow on the woods road at an unusual hour and their suspicions were confirmed when the driver upon seeing them took to his heels and left the truck in their hands. The reasonableness of the search and the impracticability of obtaining a search warrant under these circumstances are obvious. Cannon v. United States, 5 Cir., 158 F.2d 952; Mabee v. United States, 3 Cir., 60 F.2d 209. Cf. Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663, overruled in part by United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

■ Likewise there is no substance in the additional contention that the judge erroneously declined to give certain instructions offered by the defendant relating to the unanimity required in the verdict of a jury, and to the doctrine of reasonable doubt. The defendant requested an instruction on the first matter in the form sometimes used in the state courts of Virginia and West Virginia, but the judge refused the request and merely told the jury on this point that their verdict must be unanimous and all of them must agree. There was no error in this action. It was for the judge and not the defendant to determine the form of the charge to the jury and the language used by the judge was clear and unmistakable with respect to the requirement of a unanimous verdict. This requirement is so well understood by the jurymen in attendance upon the courts of this country that in many instances the judge's charge makes no reference to it.

■ The specific instruction as to reasonable doubt requested by the defendant was to the effect that when two or three witnesses for the government, as in the case at bar, have an equal opportunity to observe an important occurrence which forms the basis of the government's case, and they differ in their testimony as to the existence of the fact, that of itself creates a reasonable doubt as to the defendant's guilt and requires a verdict for the defendant. This request was intended to direct attention to the testimony of the driver of the state officers' car who remained in the car when his colleagues jumped out to apprehend the defendant, and who was unable to identify the defendant as the driver of the truck containing the liquor. The judge correctly rejected this request. He told the jury in substance that the crucial question in the case was one of identity of the driver of the truck; that there was no conflict in the evidence on this point since the defendant had offered the testimony of the three officers, two of whom trained their flashlight on the defendant and recognized him as a man they had known for years while the third officer did not see the defendant at the time and did not attempt to identify him at the trial; and that if all the witnesses had an equal opportunity to see the defendant and one of them could not identify him at the trial, that would justify the jury in entertaining a reasonable doubt of the defendant's guilt; but in order to apply the rule each of the three witnesses must have had the same opportunity to see the occurence. The judge then called attention to the fact that the two officers who identified the defendant were the ones who got out of their car and ran toward him as he left his truck and fled, while the third officer remained in the officers' car. The judge cautioned the jury that it was for them to say from all the circumstances whether they were satisfied beyond a reasonable doubt as to the identity of the defendant with the driver of the truck. Obviously this instruction was entirely fair and the defendant has no just cause of complaint. If anything, the instruction may have been too favorable to him in the suggestion that a reasonable doubt of the identity of a person will arise when one of three persons with an equal opportunity to see, fails to identify him.

Affirmed.