Lonnie **RAY** and James William Leasure, Appellants,

v.

**UNITED STATES of America,** Appellee.

**No. 7583.**

United States Court of Appeals Fourth Circuit.

Argued April 18, 1958.

Decided May 24, 1958.

J. Raymond Gordon, Charleston, W. Va., for appellants.

Percy H. Brown, Asst. U. S. Atty., Charleston, W. Va. (Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

Defendants were indicted for removing and concealing contraband whiskey and for aiding and abetting such removal and concealment. James Leasure entered a plea of guilty and Lonnie Ray, pleading not guilty, was found guilty by a jury after a trial.[1]

On February 22, 1957, an agent of the Alcohol and Tobacco Tax Division of the Treasury Department, travelling from Fayetteville to Beckley, West Virginia, passed a Cadillac, known by him to belong to Lonnie Ray, parked near a place which had been reported to him to be used as a wholesale source of contraband whiskey. He knew Lonnie, for within the four preceding months, he had twice arrested her for violation of the liquor laws at her home and motel in Beckley. The agent proceeded to Beckley, alerted two other agents, and set up a watch near Lonnie's establishment. When she drove up, her forward progress was obstructed by the agents' car. She undertook to back her car away, but was prevented by one of the agents, who threw open the door by the driver's seat and applied the emergency brake. Meanwhile, James Leasure, a shell-shocked epileptic, who worked for Lonnie in the management of her motel, alighted from the right side of the front seat of Lonnie's car, a large shopping bag in his hand, and began to walk rapidly away from the scene. One of the agents stopped James, patted the bulky shopping bag, felt hard round objects inside, and, removing a loaf of bread from the top, found two gallons of contraband whiskey in the bag. The two defendants were then placed under arrest.

■■ Complaint is first made that, under these circumstances, search of the shopping bag, without a warrant, was unreasonable and unlawful. The knowledge of the agents of the previous activities of the defendants, however, their observation of Lonnie's car at a place which had been reported to them as a source of wholesale moonshine whiskey, Lonnie's attempt to reverse the car and evade the agents and James' effort to make a hurried departure with the bulky bag in his hands furnished probable cause for the investigation of the contents of the bag. Having found whiskey in the bag, the subsequent search of the automobile was clearly warranted.

■ If we consider the act of the agent in opening the door of the automobile and applying the emergency brake as the beginning of the search of the automobile, rather than as an act of detention for interrogation, and the discovery of the whiskey in James' hands as the result of the search of the automobile, we still come to the same conclusion.

---

1. Of what Leasure complains, after his plea of guilty, is not apparent. The notice of appeal and, in this court, the briefs were filed in the names of both.

Since no merit is found in the points made by Ray in this appeal, it is immaterial that Leasure may have had no standing to raise them.

Probable cause for the search of the automobile was not dependent upon anything occurring after the arrival of the automobile at the motel. The vehicle had been seen by the officer parked, in a rural area, at a place which the agent had reason to believe was a source of supply of illegal whiskey. From that point it was driven by Lonnie to her motel, which, because of his recent arrests of Lonnie and confiscations of whiskey, the officer regarded as her retail outlet. Those circumstances amply justified the conviction that the probable purpose of her trip was not innocent, but the transportation of whiskey from the source of supply to her retail outlet. Brinegar v. U. S., 338, U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. See also, Husty v. U. S., 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Godette v. U. S., 4 Cir., 199 F.2d 331; Carter v. U. S., 5 Cir., 231 F. 2d 232.

In both Brinegar and Carroll, the sources of supply and the retail outlets were large geographic areas. Many innocent people had occasion to travel from Joplin, Missouri, to the northwestern part of Oklahoma and from Detroit to Grand Rapids. Known bootleggers well might travel the same routes for lawful purposes. Nevertheless, the Supreme Court held in each case that when the agent recognized a driver on the particular route as a known bootlegger operating in the area of the retail outlet, he had probable cause to believe that the driver was making that journey in aid of his illegal activity. Here, however, the officer knew the precise points at which the journey started and ended. The start, he had reason to believe, was a source of supply while the destination he knew to be the driver's retail outlet. These circumstances give rise to much more than suspicion; they furnish almost compelling reason to believe that the probable use of the automobile was the transportation of whiskey.

There is no longer any doubt that a search warrant is not a prerequisite to a legal search of an automobile being operated upon the highways. Our inquiry goes only to the existence of a reasonable basis, founded upon the knowledge and observation of the acting officers, for their belief that the vehicle probably was being used to transport contraband. There was adequate basis for that belief here.

Objection is next raised to questions, on cross examination of Lonnie, about her two recent arrests for whiskey violations. Questions about previous arrests were probably justified by Lonnie's direct testimony in which she referred to the earlier of the prior arrests, denied ownership of the whiskey seized at the time of that arrest and declared she had never sold whiskey and did not use it. The evidence elicited on cross examination was admissible, however, on the question of her knowledge of the presence of the whiskey in her automobile. On direct examination she testified the whiskey had been purchased and placed in the rear of her car by James and without her knowledge.[2] Evidence of two other very recent occasions upon which whiskey had been seized and she had been charged with its unlawful possession was relevant on the issue of her knowledge. Breedin v. U. S., 4 Cir., 73 F.2d 778; Sutherland v. U. S., 4 Cir., 92 F.2d 305.

We do not consider the objection raised here to certain questions on cross examination of Lonnie which are said to have been directed to an immaterial matter. The questions were very brief and were asked and answered without objection in the District Court.

Finally, complaint is made that the evidence was insufficient to support the finding, implicit in the verdict, that Lonnie knew of the presence of the whiskey in her automobile. The jury was not required to accept her protestations of ignorance, however, or her testimony

2. The agent who opened the door and stopped the car had testified the bag containing the whiskey was on the floor of the front seat and that he saw James pick it up from that place as he alighted.

that the sole purpose of her trip that day was to engage the services of a carpenter. It is not disputed that the whiskey was purchased while the automobile was parked at the spot where it was first observed by the agent on that day, and the presence of the large package, as another of the agents testified, in the front of the car immediately between her and her passenger, in the light of all of the other circumstances, furnished ample support for the verdict.

Affirmed.