**UNITED STATES of America,
Appellee,**

v.

**Leroy Alfonso HAITH, Appellant.**

**No. 8275.**

United States Court of Appeals
Fourth Circuit.

Argued April 17, 1961.

Decided Dec. 16, 1961.

Certiorari Denied Feb. 26, 1962.
See 82 S.Ct. 643.

W. A. Hall, Jr., Richmond, Va. (Thomas L. Hicks, Jr., Richmond, Va., on the brief) for appellant.

Cary L. Branch, Asst. U. S. Atty., Richmond, Va. (Joseph S. Bambacus, U. S. Atty., Richmond, Va., on the brief) for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

HAYNSWORTH, Circuit Judge.

Convicted of possession and concealment of contraband whisky, the defendant contends seizure of the whisky was in violation of his Fourth Amendment rights. At the trial he conceded there was probable cause to search the trunk of his automobile where the whisky was stored, but contended a search warrant could have been obtained and was prerequisite to the search. On appeal, he has reversed his position, conceding a warrant was not required if there was probable cause for the search, but contending there was no probable cause. We find no merit in either contention.

■ From the record it appears that federal agents were looking for the defendant in the vicinity of his home in Richmond, Virginia, for the purpose of serving a warrant for his arrest, issued in Philadelphia, Pennsylvania, where he was charged with participation in a conspiracy to violate the revenue laws relating to whisky. Earlier in the evening they stopped a Cadillac automobile which the agents knew belonged to the defendant and which they were informed he used for the transportation of whisky, but he was not in the Cadillac at the time, and, apparently, neither that car nor the driver was detained. Later the agents saw a Pontiac automobile, which the agents had observed on previous occasions, approaching the defendant's residence, near which it was brought to a stop at the curb. The agents, following in an automobile, brought their vehicle to a stop some distance behind the Pontiac and observed the defendant as he got out of the Pontiac and entered his residence. The agents observed that the rear of the Pontiac was very low, though its rear springs were reinforced with air lift devices. Along the crack between the lid of the trunk and the body of the Pontiac automobile they recognized the odor of moonshine whisky, from which the agents concluded that the load in the trunk of the car was illicit whisky.

Some of the agents proceeded to the front door of the defendant's house. They were admitted. They arrested the defendant under the arrest warrant which they had. When they asked for the keys to the Pontiac, the defendant produced a key to the ignition, but denied he had a key to the lock of the trunk. One of the agents then removed the rear seat of the Pontiac, pushed aside a piece of cardboard behind the back of the rear seat and removed a half gallon jar from one of several cardboard cartons. This jar was opened and the agents concluded from its odor that it contained moonshine whisky. The defendant then produced a key to the trunk of the car. When the trunk was opened, it was found that it contained some ninety gallons of illicit whisky in half gallon jars packed in cardboard cartons.

Clearly, there was probable cause for the search. The agents, knowing of the defendant's reputation as a bootlegger, observing the reinforced springs of the Pontiac and their compression under the weight of a heavy load and smelling the odor of moonshine whisky coming from the trunk of the car, had abundant reason to believe that the trunk contained illegal whisky. Probable cause for the search of an automobile has been found to exist when the information in the possession of the arresting officers pointed much less certainly to the presence of contraband. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Godette v. United States, 4 Cir., 199 F.2d 331; Ray v. United States, 4 Cir., 255 F.2d 473. From what the officers knew and observed here, the basis for their belief that the trunk of the automobile contained contraband whisky was more than adequate.

The defendant here does not question the principle. Contrary to his stipulation at the time of trial that there was probable cause for the search, he seeks to minimize the evidence, to ignore some of it and to view each piece in isolation. Pointing to his stipulation at the trial that he was a known bootlegger, for instance, the defendant says that there was no evidence that his reputation was known to the arresting officers. The stipulation is not explicit in that respect, but the record affirmatively shows that the arresting officers had a warrant for his arrest for another whisky offense and had information about his use of his Cadillac in transporting whisky. From such evidence it sufficiently appears that his stipulated reputation was known to the arresting officers.

The defendant suggests that the officers had no right to conclude from the odor of whisky coming from the trunk of the car that the whisky was illicit and without the requisite stamps. This, in-

deed, might be true, under some circumstances, but when the odor is that of moonshine whisky, when it comes from the trunk of an automobile of a known bootlegger and the trunk is obviously heavily loaded, the possibility that the whisky was lawfully made, bottled and stamped and its possession lawful was remote.

There was probable cause for the search of the automobile.

■ When the motion to suppress evidence of the whisky was made at the trial, the defendant conceded the officers had probable cause for their belief there was contraband whisky in the trunk of the automobile. He contended a search warrant was requisite for it became practical to obtain one after the defendant's arrest pursuant to the arrest warrant and his delivery to the officers of a key to the automobile ignition switch. He says, in effect, that having seized the automobile, some of the officers should have remained with it to protect the security of the seizure,[1] while others repaired to the office of a United States Commissioner to obtain a warrant to search the seized vehicle.

This was not a search of a building where a warrant may be requisite whatever the basis of the officers' belief that contraband is present within it.[2] Nor are we concerned with the permissible limits of seizures and searches incident to a lawful arrest,[3] for legality of the seizure and search of the automobile is not dependent upon a conclusion that they were incident to the lawful arrest of the defendant under the warrant charging him with an earlier offense. The case is within the well-established rule that a warrant is not required for the search of a movable vehicle if the officers have reasonable cause to believe that it contains contraband. Without a warrant they act at their peril, but they justify their conduct and square their search with the requirements of the Fourth Amendment if they can show they acted with probable cause.[4]

The defendant is not aided by his attempt to fragment the seizure and the search, conceding the former was lawful but denying the legality of the latter solely because, the seizure having been accomplished, the officers could have postponed their search until they had obtained a warrant.

In all of the automobile cases, once the officers have seized the vehicle and obtained exclusive possession of it, it becomes practical, in a sense, to postpone the search until a warrant has been obtained. Probable cause being present, however, the cases unanimously sustain the legality of an undelayed search, and none suggests the distinction the defendant urges.

The necessity of the situation is not limited to the seizure alone, for the seizure and the search are of a part. There is substantial simultaneity between them. Here, as in most such cases, the seizure is tentative and temporary until search confirms the presence of contraband.

1. The defendant, under arrest, could not have moved the vehicle until and unless he was discharged on bail. Meanwhile, however, others may have had other keys to the ignition switch or, with or without such keys, could have moved the vehicle unless the officers were prepared to protect their possession of the seized automobile.

2. See Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828.

3. See United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, overruling Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663, to the extent Trupiano holds the requirement of a warrant for a search incident to a lawful arrest turns on a question of practicality.

4. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R 790; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Bess v. United States, 4 Cir., 49 F.2d 884; Godette v. United States, 4 Cir., 199 F.2d 331; Harman v United States, 4 Cir., 210 F.2d 58; Ray v. United States, 4 Cir., 255 F.2d 473.

No purpose would be served by a requirement that the seizure and the search be separated in time and space, or that the seizure be prolonged and made less conditional in order to provide the officers with an opportunity to obtain a search warrant.

■ Moreover, if the seizure be lawful, as it concededly was here, and the officers have obtained exclusive possession of the vehicle, forfeited to the United States because of its use in violation of the revenue laws, and of its contraband contents, the former possessor has no remaining rights for which the Fourth Amendment lends protection. There appears no good reason why officers may not inventory the contents of an automobile when they are lawfully in possession of the vehicle and of its contents without having to obtain a warrant to search what they already lawfully possess.

■ The defendant received a general sentence upon a conviction upon each of two separate counts. The sentence imposed was within the permissible maximum upon conviction upon either count. Separate sentences upon each count are preferable, but a general sentence upon both counts, which is permissible upon conviction on either count, is unobjectionable on appeal.[5]

■ Finally, the defendant complains the record does not affirmatively show that the indictment against him was returned in open court, or that the District Attorney affirmatively consented to the defendant's waiver of trial by jury. The transcript of the proceedings does show that the indictment was returned in open court, however, and the transcript of the trial proceedings shows that following a conference of the attorney for the defendant and the United States Attorney at the Bench, the Judge announced that counsel for the defendant and counsel for the United States had agreed to discharge the jury and that the case would be tried to the court, after which the defendant affirmatively acknowledged his approval of the discharge of the jury. The United States Attorney did not affirmatively state his agreement on the record, but that sufficiently appears from the statement of the Court, to which the United States Attorney made no exception.

Affirmed.

5. United States v. Trenton Potteries Co., 273 U.S. 392, 47 S.Ct. 377, 71 L.Ed. 700; Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115; Robles v. United States, 9 Cir., 279 F.2d 401.