UNITED STATES of America, Appellee,

v.

Nicholas Ray WALKER, Appellant.

No. 8513.

United States Court of Appeals Fourth Circuit.

Argued March 28, 1962.

Decided Aug. 3, 1962.

Lamar Gudger, Asheville, N. C., for appellant.

William Medford, U. S. Atty., for appellee.

Before BOREMAN and BELL, Circuit Judges, and FIELD, District Judge.

FIELD, District Judge.

Appellant, Nicholas Ray Walker, along with Ira C. Pritchard and Elliott Russell, was tried before the District Court without a jury and convicted on a four-count indictment charging them with custody of an unregistered distillery,[1] carrying on the business of a distiller without having given bond as required by law,[2] making and fermenting mash at a place other than an authorized distillery,[3] and possession of twelve gallons of distilled spirits in containers which did not have affixed thereto the required Federal taxation stamps.[4] Appellant contends that the Court erred in denying his motion to suppress certain evidence as well as his motion for judgment of acquittal.

Briefly, the facts are as follows. Appellant and his family lived in a dwelling house located on the property of the Mill Springs Poultry Farm which farm was owned by a corporation and managed by Walker. Russell was a full-time employee on the farm and Pritchard was a part-time employee. A "No Trespassing" sign was posted a few yards from the Walker dwelling house at the entrance of the property and the property of the farm was surrounded by a fence and contained several large chicken houses and other out-buildings.

A distillery was discovered on the property adjacent to the farm at a distance of some 1600 feet from Walker's residence and about 200 yards from the chicken houses. In the early morning hours on September 27, 1961, Paul Branam, an investigator of the Alcohol and Tobacco Tax Division, heard a truck drive from the Walker residence to the general area of the chicken houses and heard the sound of objects being dropped from the truck. Shortly after the truck left, the officers heard the sound of a gasoline motor which pumped water to the distillery start at a nearby branch.

At 1:15 A.M. on the same morning the distillery and twelve gallons of non-tax paid whiskey were seized and destroyed, and Russell and Pritchard were arrested at the distillery site. An inspection was made of the area where the truck had stopped, and near the chicken pens the officers found 16 bags containing short

1. 26 U.S.C. § 5179(a).
2. 26 U.S.C. § 5173.
3. 26 U.S.C. § 5222.
4. 26 U.S.C. § 5205(a) (2).

lengths of slab wood similar to some found at the still site. In the same area, they found two cases of one-half gallon fruit jars, and at a point nearby 13 cases of one-half gallon fruit jars were found. A well defined path led from the still site to this general area.

The officers kept the area under surveillance and at about 2:30 A.M. a motor vehicle was heard to approach the Walker home. Soon thereafter Walker came down toward the chicken houses and was placed under arrest. Upon being asked what vehicle he had brought in, Walker indicated a 1960 model Ford pick-up truck. Branam had previously been advised that Walker would be back at the distillery that night and would be hauling sugar. Upon examination he found 600 pounds of sugar under a tarpaulin on the back of the truck. This was substantially the amount of sugar necessary to "mash back" the distillery. The sugar and the truck were seized as contraband and evidence thereof was presented at the trial. The tarpaulin covering the sugar was secured by weights and the sugar was not visible until the tarpaulin was raised.

■ We are of the opinion that the action of the District Court in denying the motion to suppress was correct. While the search was without a warrant, we think it can be sustained upon the authority of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. That case recognized the impracticability of requiring a search warrant for a vehicle as distinguished from a dwelling house or other structure. This principle of the Carroll case is now well established conditioned only, of course, on the fact that probable cause for the search must exist. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629. Appellant would limit Carroll to those cases where the vehicle is in transit on a public road or highway. However, this argument ignores the basic reason for the Carroll doctrine—that a vehicle by its very nature can be quickly moved out of the locality or jurisdiction in which the warrant might be sought and law enforcement thereby frustrated. This very practical consideration is present whether the vehicle is in transit on the open road or parked.

■ The remaining question then is whether here the investigating officers had probable cause for the search. The officers had information that Walker would be back at the distillery that night and would be bringing in a load of sugar. While it is true that the record is silent as to whether the informant was one considered reliable by the officer, that in itself is not controlling for it is merely one of several elements that may be considered in appraising probable cause on the part of the searching officers. The question is whether the facts or circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief that the vehicle contained contraband. See Carroll v. United States, supra, 267 at 162, 45 S. Ct. 280.

■ In the present case the officers had the illicit operation under surveillance and while doing so heard a truck drive to the area some 600 feet from the still site. Thereafter the officers destroyed the still and upon investigation of the area visited by the truck found material usually associated with the operation of an illicit distillery. Two employees of the appellant were arrested at the still site, and shortly after destruction of the still, the officers received information concerning the cargo of sugar to be brought in by appellant. At 2:30 in the morning appellant, the individual named by the informant, drove into the farm with a loaded truck and walked down to the area where the incriminating articles had been found. While it is quite possible that no one of these elements standing alone would constitute probable cause, nevertheless we are of the opinion that the aggregate thereof would be sufficient to warrant a man of reasonable caution to believe that the

truck did in fact contain contraband sugar destined for use at the distillery. As was stated in Brinegar v. United States, supra, 338 U.S. at 175, 69 S.Ct. at 1310:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved."

 Appellant contends, however, that even if the sugar was properly seized, he was not charged with the specific crime of unlawful possession of property intended for use in violating the Internal Revenue Laws,[5] and that the unusual amount of sugar had no evidentiary value relative to the indictment upon which he was convicted. We cannot agree with this position. The fact that the possession of the sugar under such circumstances could have been the basis for a separate indictment or count does not exclude it as significant circumstantial evidence of the crimes for which he was in fact charged and convicted. Appellant further contends that the case against him consisted entirely of circumstantial evidence and therefore the "facts and circumstances proven and relied upon by the government to sustain conviction must not only be consistent with his guilt, but must be inconsistent with his innocence." Counsel then proceeds to point out the inferences and hypotheses arising from the evidence which he feels are consistent with Walker's innocence. This argument may be fully answered by the following summary from Moore v. United States, 4 Cir., 271 F.2d 564 at 568:

"Circumstantial evidence may support a verdict of guilty, though it does not exclude every reasonable hypothesis consistent with innocence. Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99

L.Ed. 150. If it be sufficient to support an inference of guilt and the defendant fails to offer a reasonable explanation consistent with innocence, such failure may be considered by the trier of fact. Wilson v. United States, 1896, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; Jenkins v. United States, 4 Cir., 1932, 58 F.2d 556. It is not necessary, in appraising the sufficiency of the evidence, that this court be convinced beyond a reasonable doubt of the guilt of the defendant. Bell v. United States, 4 Cir., 1950, 185 F.2d 302. The question is whether the evidence, construed most favorably for the prosecution, is such that a jury (or trial judge) might find the defendant guilty beyond a reasonable doubt. Bell v. United States, supra; United States v. Brown, 2 Cir., 1956, 236 F.2d 403; Stoppelli v. United States, 9 Cir., 1950, 183 F.2d 391."

■ In our opinion the possession of the sugar by the appellant together with the other circumstantial evidence in the case was sufficient to support the determination of his guilt by the District Court and, accordingly, his conviction must be affirmed.

Affirmed.