**UNITED STATES of America,**
Appellee,

v.

**Paul SUTTON, Appellant.**

No. 8934.

United States Court of Appeals
Fourth Circuit.

Argued June 7, 1963.

Decided Aug. 7, 1963.

Lewis T. Booker, Richmond, Va. (Court-assigned counsel) for appellant.

Roy G. Hall, Jr., Asst. U. S. Atty. (William H. Murdock, U. S. Atty., on the brief), for appellee.

Before SOBELOFF, Chief Judge, J. SPENCER BELL, Circuit Judge, and BARKSDALE, District Judge.

SOBELOFF, Chief Judge.

Appellant, Paul Sutton, was convicted by the United States District Judge sit-

ting without a jury in the Middle District of North Carolina on two counts for removal and concealment [1] and purchase and possession [2] of some 18 gallons of non-tax-paid whiskey. A direct appeal was noted but was not timely perfected. There later followed a motion under 28 U.S.C.A. § 2255, and we are here concerned with Sutton's appeal from denial of relief under that motion.

During the course of his original trial, Sutton, through counsel of his own choice, made oral motions to suppress certain evidence that he contended had been obtained as the result of an illegal search and seizure. The court heard evidence on the issue whether the government officers acted upon probable cause. After determining this question in the affirmative, the court as the fact finder concluded that the evidence required a guilty verdict.

## I

■ The threshold objection interposed by the prosecution is that the legality of the search may not now be contested. The Government argues that, as Sutton noted an appeal from the judgment of conviction and did not prosecute it, he cannot now raise the issue by a motion under 28 U.S.C.A. § 2255. Reliance is placed on the line of cases declaring the familiar rule that the provisions of this section may not be utilized to retry a criminal case or to raise questions which were open on appeal from the judgment of conviction. See, e. g., Sonnier v. United States, 314 F.2d 69, 70–71 (4th Cir. 1963).

However well established this rule is, a distinction is recognized between constitutional and jurisdictional defects on the one hand and ordinary trial errors on the other. The distinction was recently pointed out by the Supreme Court in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). There the prisoner, who had not appealed from his conviction, sought several years later in a section 2255 proceeding to vacate his

sentence on the ground that he had been "denied the right under Rule 32(a) of Federal Rules of Criminal Procedure, Title 18, U.S.C. to have the opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." 368 U.S. at 425, 82 S.Ct. at 469, 7 L.Ed.2d 417. A majority of five justices, speaking through Mr. Justice Stewart, 368 U.S. at 428, 429, 82 S.Ct. at 471, 7 L.Ed.2d 417, said:

"The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. *It is an error which is neither jurisdictional nor constitutional.* It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. * * *

 * * * * * *

" * * * Whether § 2255 relief would be available if a violation of Rule 32(a) occurred in the context of other aggravating circumstances is a question we * * * do not consider. We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." (Italics supplied.)

The Court emphasized that the error was not of constitutional proportions. By implication the same distinction was recognized by this court in Sonnier v. United States, 314 F.2d 69, 70–71 (1963). In the instant case, the alleged error is a violation of the Fourth Amendment, which guarantees against unreasonable searches and seizures. If this proceeding were a "successive application" for section 2255 relief, and the same ground had been determined adversely to the applicant in the prior application, a different rule would apply. The court could

---

1. 26 U.S.C.A. § 5601(a) (12).

2. 26 U.S.C.A. §§ 5205(a) (2) and 5604(a) (1).

invoke the doctrine of Sanders v. United States, 373 U.S. 1, 15–19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), and decline to entertain a repetitive motion. But the present application is Sutton's first under section 2255. We therefore reach the substantive legal issue, whether the conviction was based upon evidence obtained in an unreasonable search and seizure.

## II

 The circumstances of the search are not seriously disputed. On the evening of March 22, 1962, the agents of the Alcohol Tax Unit, acting upon information from a source known to be reliable, went to a certain house in Durham, North Carolina, not the residence of Sutton, but that of a woman with a record of convictions for whiskey violations. Their informant had told them that non-taxpaid liquor would there be transferred from one automobile to another, but he did not identify the persons who would be involved in the operation. Stationing themselves in the neighborhood, in a position where they were not observed but could observe activities in the driveway and rear yard of the house mentioned by their informant, they saw an automobile answering the description given them drive into the rear yard, park next to another automobile and extinguish its lights. At this time, according to the Government's testimony, someone turned off the lights in the house. The present appellant and another man began transferring boxes resembling cases for mason jars from one automobile to the other. The agents could not from their observations identify the contents of the cases, but relying on the tip given them by the informant and on their knowledge from past experience that the cases were of the kind commonly used by liquor law violators, they drove the automobile into the driveway, blocking it. Sutton and the other man took flight, but were pursued, overtaken and arrested. The keys to the two cars involved in the episode were taken from Sutton and his companion, the trunks were opened and a substantial quantity of untaxed liquor was found in each. There was also testimony that Sutton had a reputation as a violator.

First, it is to be noted that we are dealing here with automobiles that are readily movable, where the rule requiring officers to obtain search warrants is somewhat relaxed. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925). In that case the Court declared that "if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." 267 U.S. at 149, 45 S.Ct. at 283; see 338 U.S. at 161–162.[3] The Court further declared that "[t]he right to search and the validity of the seizure are not dependent upon the right to arrest"; consequently, the search may precede the arrest. 267 U.S. at 158–159, 45 S.Ct. at 287. Recently the Court restated the probable cause standard as follows:

> "In testing the sufficiency of probable cause for an officer's action even without a warrant, we have held that he may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960).

This test has been met in the present case. Not only did the officers act upon information furnished by a reliable informant but it was then corroborated by circumstances within the officers' knowledge. Cogent evidence in the conduct of Sutton and the others indicated to the officers that a violation was probably then

3. See also Husty v. United States, 282 U.S. 694, 700–701, 51 S.Ct. 240, 75 L.Ed. 629 (1931); Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

occurring in their presence. Not only were events happening in accordance with their informant's predictions, but every movement tended to confirm the agents' suspicions. The turning off of the lights in the house of a woman with a record of liquor violations at the precise moment of the arrival of the automobile previously described to the agents, from which Sutton and his companion promptly began to transfer the cases to Sutton's automobile, furtively in the dark, and the flight of these two on the appearance of the agents—this series of events enacted before the eyes of the agents provided the required reasonable basis for a search of the automobiles.[4]

The appellant argues that the Carroll doctrine should not be applied in this case, for the reason that the relaxation of standards when searches of automobiles are involved is justified only because of the extreme mobility of automobiles. He contends that the automobile in this case was immobilized where the officers blocked the driveway. However, the record does not disclose whether Sutton's automobile was totally immobilized; there may have remained a means of egress. Moreover, before the officers entered the driveway, they already had sufficient evidence of a probable violation to justify search of the automobiles. Their blocking of the defendant's car in the driveway did not alter the legal right to proceed upon probable cause without a warrant; it was merely the first step in the permissible search.[5]

The Fourth Amendment imposes on judges a serious obligation of vigilance to give real effect to its guarantees against unreasonable searches and seizures. This protection must not be withdrawn upon insubstantial or attenuated grounds. Yet we are obliged to recognize that searches can be reasonable in some circumstances.[6] This, in our opinion, is such a case.

The court-appointed lawyer for the appellant merits high commendation for his thorough and competent efforts, but the order of the District Court will be

Affirmed.

4. E. g., Ray v. United States, 255 F.2d 473, 474 (4th Cir. 1958); United States v. Haith, 297 F.2d 65 (4th Cir. 1961), cert. denied, 369 U.S. 804, 82 S.Ct. 643, 7 L.Ed.2d 550 (1962) ; United States v. Walker, 307 F.2d 250 (4th Cir. 1962); United States v. Prince, 301 F.2d 358 (6th Cir. 1962).

5. See Ray v. United States, 255 F.2d 473, 474–475 (4th Cir. 1958); cf. United States v. Walker, 307 F.2d 250, 252 (4th Cir. 1962).

6. E. g., Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963) ; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) ; United States v. Eldridge, 302 F.2d 463 (4th Cir. 1962).