**Jeffrey Don FERGUSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–73–324.**

Court of Criminal Appeals of Oklahoma.

March 18, 1974.

————◆————

An appeal from the District Court, Caddo County; L. O. Thomas, Judge.

Jeffrey Don Ferguson, appellant, was convicted for the offense of Unlawful Possession of Marijuana, his punishment was fixed at a term of thirty (30) days in the Caddo County Jail, and he appeals. Judgment and sentence is affirmed.

Justus W. Hefley, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Stan Chatman, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Jeffrey Don Ferguson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Caddo County, Case No. CRM–73–83, for the offense of Unlawful Possession of Marijuana. His punishment was fixed at a term of thirty (30) days in the Caddo County Jail and from said judgment and sentence, a timely appeal has been perfected to this Court.

The defendant's sole proposition of error asserts that the trial court erred in overruling the defendant's motion to suppress.

Briefly stated the facts surrounding the search of the defendant's automobile, which resulted in the seizure of two "baggies of marijuana," same being admitted as evidence, is as follows:

On February 2, 1973, Troopers Curtis Rushing and Jack Abbott, of the Oklahoma Highway Patrol, stopped the defendant and his passengers on I–40 after clocking the defendant's automobile at 90 miles per hour. After stopping the automobile, Trooper Rushing approached the vehicle and smelled a strong odor, in his opinion, of marijuana. Officer Rushing then looked around inside the automobile and observed two partially burned, hand-rolled cigarettes still burning in the ashtray. He then removed the keys from the ignition of the automobile and opened the glove compartment, which was locked. From the glove compartment, he removed two plastic baggies containing a green, leafy substance, later determined to be marijuana by the Oklahoma Bureau of Investigation Crime Laboratory.

The defendant's argument is that based on these facts, his motion to suppress should have been sustained by reason of an unlawful search and seizure. In the case of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the

United States Supreme Court stated at page 149, of the official opinion, 45 S.Ct. at page 283:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

Also see Gaston v. State, Okl.Cr., 457 P.2d 807 (1969) and United States v. Haith, 4 Cir., 297 F.2d 65 (1961).

Therefore, the question for this Court to decide is, does the fact that Trooper Rushing smelled a strong odor of marijuana and observed two partially burned, hand-rolled cigarettes burning in the ashtray constitute sufficient probable cause to search the locked glove compartment for contraband. It is our opinion that the fact the arresting officer was in a place he had a right to be, had detected the odor of marijuana, had observed two hand-rolled cigarettes in the ashtray still burning constituted sufficient probable cause for him to search the locked glove compartment upon the belief that marijuana was contained in the defendant's automobile. We therefore find this proposition to be without merit.

Finding no error sufficient to warrant modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring):

I concur that the evidence found on defendant is sufficient to sustain this conviction, but I believe defendant's motion to suppress was valid as it pertained to the evidence found in the glove compartment. Therefore, I concur that the judgment and sentence should be affirmed.