**Kenneth HUGHES, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–17.**

Court of Criminal Appeals of Oklahoma.

July 22, 1976.

James E. Gotcher, Gotcher, Gotcher & Gotcher, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty, Gen., Kenneth Lisle, Legal Intern, for appellee.

## OPINION

**BRETT, Presiding Judge:**

Appellant, Kenneth Hughes, hereinafter referred to as defendant, was convicted after a trial by jury of the crime of Larceny of a Domestic Animal in Case No. CRF–73–190, of the District Court, Bryan County. Judgment was imposed in accordance with the verdict of the jury, and the defendant was sentenced to serve a term of eight (8) years in the State penitentiary. He appeals.

This appeal raises only one question: Whether the District Court erred in failing to suppress the evidence discovered by a warrantless search of defendant's rented truck for the reason that the search was unreasonable.

The testimony of Edwin Tomlinson, a Deputy Sheriff of Hood County, Texas, describes the circumstances leading up to the search. On October 12, 1973, at approximately 10:00 p. m. he noticed a Ryder rental truck backed up against a filling station and grocery store on Highway 144 and, as a matter of routine, he stopped to investigate. There were two men in the truck, the defendant and a companion. They told the Deputy that they were delivering a load of furniture for a Mr. Mimms. The Deputy at first accepted that explanation as reasonable. As he left them, however, he noticed water was running from the back of the truck. The Deputy testified that he drove for some time contemplating the discrepancy between the story that the truck contained a load of furniture and the fact that water was pouring from its rear before he decided to return and investigate further. When he got back to the grocery store, however, the truck was gone. He saw it again several miles farther on the highway making a U-turn. After it turned around the truck pulled off the road, and waited while a dark colored Pontiac pulled in behind it. As the Deputy drew abreast of the truck he saw by its headlights that the rear of the truck was not only wet but covered with cow manure. He testified that he knew then that the truck was not being used to haul furniture. The Deputy radioed for assistance before he approached the truck. Before the Deputy could reach the truck, the defendant opened its door and walked away. The Deputy reported this conversation with the defendant's companion: "I said, I thought you were hauling furniture, you know. And he said no we was hauling frozen beef. Well, I said I see that you are hauling beef, but it must not be frozen. So I said I am going to see what it contains. So Jimmy said, what the hell, you aren't going to find anything in there but a bunch of dead cows." (Tr. 112)

At this point the Deputy opened the rear doors of the truck; the interior contained a number of dead and dying cows.

The defendant argues that the Deputy's act constituted an unreasonable search because it was made without a warrant prior to arrest and upon mere suspicion.

Every search made without a warrant is unreasonable unless its circumstances bring it within one of the few well-defined exceptions of the warrant requirement. *Katz v. United States*, 389 U. S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. Each of those exceptions originates in an emergency. It is the fact of the emergency which permits the law enforcement officer to substitute his judgment about probable cause to search for that of a magistrate. See, *Chambers v. Maroney*, 399 U. S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419, 428.

The defendant points out correctly, that the search in this case cannot be justified as one incident to an arrest. The United States Supreme Court, however, has upheld warrantless automobile searches upon the open highway, prior to arrest,

when the officer conducting the search had probable cause to believe that he would find the instrumentality of a crime or evidence of a crime before he began his search. This exception was first articulated by the United States Supreme Court in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The Court distinguished the search of an automobile on probable cause from a search incident to arrest:

> ". . . The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law. . . ." (267 U.S. at 158–159, 45 S.Ct. at 287, 69 L.Ed. at 554). See also, *Chambers v. Maroney*, 399 U.S. 42, 49, 90 S.Ct. 1975, 26 L.Ed.2d 419, 427.

An emergency exists "because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." 267 U.S. at 153, 45 S.Ct. at 285, 69 L.Ed. at 551.

The defendant argues that the probable cause rule of *Carroll v. United States*, supra, has been rejected by this Court. He cites *Brinegar v. State*, 97 Okl.Cr. 299, 262 P.2d 464, where this Court said at 468:

> "So it is that the 'probable cause' rule whereby officers acting upon belief reasonably arising out of the circumstances known to the searching officers may search an automobile without a warrant, though followed in federal courts, and some state courts, is not applicable to prosecutions in the state courts of Oklahoma. *State v. Simpson*, 1950, 91 Okl. Cr. 418, 219 P.2d 639."

The rationale underlying the refusal of cases such as *Brinegar v. State* and *State v. Simpson*, supra, to follow the probable cause rule articulated in *Carroll v. United States*, is that it is wrong to break down the difference between the right to arrest for a felony and the right to arrest for a misdemeanor merely because a moving vehicle is involved. *Brinegar v. State*, 262 P.2d at 467–468, fn. 2. The crime involved in each of the cases cited above was a misdemeanor offense of unlawful possession of intoxicating liquor. The Oklahoma view that the initial stop of the automobile is an arrest, led the Court to conclude that permitting an officer to stop an automobile to search upon probable cause of the commission of a misdemeanor is to violate the statutory rule prohibiting an arrest for a misdemeanor, not committed in the officer's presence, upon probable cause. This Court has, in recent cases, followed *Carroll v. United States* without comment in cases involving a felony. See, e. g., *Ferguson v. State*, Okl.Cr., 520 P.2d 819.

 The defendant also contends that the Deputy searched upon mere suspicion; that the facts known to him were not sufficient to give him probable cause to believe that the contents of the Ryder truck offended against the law. It is of course not enough that the officer who searches without a warrant is pressed by exigent circumstances. He must, before he begins to search, have probable cause to believe that he will find the instrumentality or evidence of a crime. Probable cause exists where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed. *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed.2d 543, 555. Those facts and circumstances, must be articulable and clearly justify the conclusion; they may not consist of vague intimations or intuitive impressions. Those kind of specific facts from which a reasonably prudent person would deduce that a crime had been or was being committed are present in this case. The

search of defendant's truck, under these circumstances, was not illegal.

The judgment and sentence appealed from is therefore, *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.